(No. 37295.—

WILLIAM L. BOWARD, Appellant, *vs.* THE COUNTY OF COOK, Appellee.

*Opinion filed February 1, 1963.*

NORMAN E. VISDAL, of Chicago, (IRVING S. FRIEDMAN, of counsel,) for appellant.

DANIEL P. WARD, State's Attorney, of Chicago, (THOMAS A. HETT, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, Willard L. Boward, appeals directly from a declaratory judgment entered in the circuit court of Cook County dismissing his complaint wherein he sought to have the zoning ordinance of Cook County as amended in 1960 declared constitutionally invalid as it applies to his property. The trial judge has certified that the validity of a county zoning ordinance is involved and that the public

interest requires a direct appeal to this court, (Ill. Rev. Stat. 1961, chap. 110, par. 75(1)(c)), and, accordingly, this court has jurisdiction.

Plaintiff's real estate is located at the southeast corner of the intersection of main through streets with frontages of 300 feet on north-south Plum Grove Road and 280 feet on east-west Wilmette Avenue in an unincorporated area of Palatine Township in Cook County, 1½ miles south of the village of Palatine and within 300 feet of the city of Rolling Meadows.

The land is improved with a frame single-family dwelling facing Wilmette Avenue, a barn, and two frame structures, one 2-story, the other 1-story, which have been occupied and used continuously since before 1934 for the purpose of operating a tavern business in which alcoholic liquors and certain light foods are served.

On August 20, 1940, the property was first zoned in classification "F", Farming, which permitted various uses but not the use as a tavern, and imposed a nonconforming use classification on plaintiff's property. The comprehensive amendment to the Cook County zoning ordinance, adopted March 8, 1960, rezoned the property "R-3", Residential District. In the ordinance tavern use is permitted under the "B-4", General Service District classification. Plaintiff's petition for "B-4" reclassification was denied. Administrative remedies have been exhausted.

Section 16 of the Cook County zoning ordinance prohibits plaintiff from changing the use of his property to a lower class or from expanding the nonconforming use and further provides that the plaintiff shall not restore a building for use in a nonconforming manner after it is destroyed or damaged to the extent of 50% or more of its replacement cost. Plaintiff desires to replace the 50-year-old dilapidated tavern building with a modern brick building 50% larger, which would include modern facilities for the purpose of operating a restaurant and cocktail lounge.

Plaintiff contends that the prohibitions of the zoning ordinance are not based upon considerations bearing any substantial relation to the public health, morals, safety and general welfare, and, as it applies to his property, that it embodies arbitrary restrictions and imposes undue hardship on him without any gain to the public. He submits that he will sustain substantial losses and will be deprived of his property without due process of law.

Defendant maintains that the evidence in the record shows that the character of the neighborhood conforms to the residential zoning of the area; that the uses in the area are almost exclusively residential; that the surrounding property will be adversely affected by removal of the restriction and expansion of the use, and that increased traffic, hindrance of orderly development, and the depreciation of surrounding property values are all factors of public health, safety, comfort, morals and general welfare which require the restriction of the plaintiff's property to its present capacity and present zoning.

It is admitted that the zoning ordinance prohibits plaintiff from completely razing the structure and rebuilding it as desired and prohibits the expansion of the nonconform-use other than by extending it to other parts of the same building not now so used; or increasing the bulk size of a building used in a nonconforming manner. The prohibition applies to plaintiff's property under the "R-3" classification as it did under the "F" classification.

Plaintiff's complaints regarding his inability to raze the existing physical facilities and rebuild them or to expand the use thereof seemingly arise from a conception of these provisions as synonymous with a prohibition against continuation of the use of the premises for tavern purposes. This is adequately answered by the ordinance provisions which specifically provide for continuance and maintenance of a nonconforming use. Repair and maintenance of existing facilities are expressly permitted; only their expansion is

prohibited, with the additional provision that, if destroyed or damaged to the extent of more than 50% of their restoration cost, the nonconforming use shall not thereafter continue. The constitutionality of such legislative enactments has been settled by prior decisions of this court. (*Mercer Lumber Cos.* v. *Village of Glencoe*, 390 Ill. 138; *Gore* v. *City of Carlinville*, 9 Ill.2d 296). There is no merit in a contention that such provisions are invalid.

The argument that the provisions of the amendment classifying plaintiff's property as residential are unconstitutional and void as applied to the subject tract require reference to the rules heretofore established which have recently been reviewed in *Elmhurst Nat. Bank* v. *City of Chicago*, 22 Ill.2d 396, 401-402, and need not be here restated. We have therefore examined this record, applying these rules to the evidence presented, bearing in mind plaintiff's burden of overcoming the presumption of validity of the ordinance. *Bennett* v. *City of Chicago*, 24 Ill.2d 270; *Exchange Nat. Bank of Chicago* v. *Village of Niles*, 24 Ill.2d 144.

The salient facts here establish that the trend of development in the vicinity of this tract has always been to the residential category; that the area is now over 95% residential; that homes are being built in all directions from the subject intersection, within 50 feet from plaintiff's property and in nearby Rolling Meadows. Uses other than residential are principally gas stations at other intersections in the area. Some vacant lots, including 3 surrounding the tavern, remain undeveloped. Four nonconforming uses: a landscaping service, a nursery, a kennel and a Kingdom Hall of Jehovah's Witnesses were shown. A sewage treatment plant is located 3½ blocks from the tavern. Plaintiff's witness valued the premises zoned "R-3", without improvements, at $3,500. Defendant's witnesses said the value would be $15,000. If rezoned "B-4" plaintiff estimated the unimproved value at $35,000, and defendant at $20,000.

Testimony as to the feasibility of repairing and remodeling, within permitted limits, of the existing facilities was conflicting. Plaintiff's expert testified that it would be more difficult to obtain financing for the remodeling of the buildings for nonconforming use purposes, and gave his opinion that there would be no adverse effect upon surrounding property by construction of a new and larger tavern building and that such construction would increase property values of surrounding properties. Defense testimony referred to the 3 vacant lots surrounding the tavern and indicated that the tavern use has deterred development in the area. Defendant's real-estate expert gave his opinion that the proposed expansion and rebuilding of the tavern would depreciate the property values within a block of plaintiff's property by 30%. Testimony was conflicting as to whether expansion would increase traffic, but the trial judge's comment that "if they couldn't attract additional customers there would be no point in enlarging the premises" seems appropriate.

Considering all of the circumstances here present, including the increasing trend to single-family residential development of the immediately surrounding area, it is apparent that the tavern use is not compatible with the established residential character of the neighborhood. The 1960 comprehensive amendment to the ordinance was apparently prompted by the fact that the area is now very nearly 100% residential, and the change from the "F" farming classification to the residential classification was undoubtedly precipitated thereby.

Where the proper authorities adopt a zoning ordinance, the presumption of validity cannot be lightly cast aside. We cannot say the classification here made of the subject property was unrelated to the public health, safety, welfare or morals, or that the legislative body acted arbitrarily, unreasonably or capriciously. We must, therefore, respect its judgment. *Bredberg* v. *City of Wheaton,* 24 Ill.2d 612;

*Vedovell* v. *City of Northlake*, 22 Ill.2d 611; *Exchange Nat. Bank of Chicago* v. *County of Cook*, 25 Ill.2d 434.

We find no error in the holding of the circuit court of Cook County that the ordinance, as applied to the subject property, is valid and constitutional and its judgment dismissing the complaint is hereby affirmed.

*Judgment affirmed.*