WILLIAM BOSCHELLI et al., Plaintiffs-Appellees, v. VILLA PARK TRUST & SAVINGS BANK, as Trustee, et al., Defendants-Appellants.

(No. 73-116;

Second District—October 9, 1974.

*Rehearing denied November 22, 1974.*

Bauer & Hotte, of Elmhurst, for appellants.

John R. Mackay, of Corrigan, Mackay, Quetsch & O'Reilly, of Wheaton, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs-appellees, William Boschelli and other owners of property in Robert Bartlett's Glen Ellyn Countryside Subdivision, Du Page County, brought this action for declaratory judgment in the circuit court of Du Page County, Illinois. The action sought to enforce covenants limiting the use of lots owned by the defendant-appellant, John W. Reedy Realty, Ltd., to residential purposes because the defendant intended to use such property for a real estate office. The trial court determined that the covenant was enforceable and that the defendant intended to violate the covenant and awarded the injunctive relief sought. From such decree defendant real estate company has appealed.

In 1971 Reedy Realty purchased lots 49 and 50 located on the southeast corner of Bloomingdale Road and Sidney Avenue in the Countryside subdivision. They each have a frontage of 100 feet on Bloomingdale Road and a depth of approximately 190 feet. They are about 1000 feet north of North Avenue.

It was stipulated that John W. Reedy, Jr., would testify that he and his

three brothers purchased the two lots in June, 1971. Title to the lots was taken in a land trust at Villa Park Trust and Savings Bank and transferred in January, 1972, to J. W. Reedy Realty, Ltd., a corporation of which the four Reedys and their father were the sole shareholders, officers and directors. Although they were aware of the existence of some restrictions on the property, they were unaware of the specific nature of those restrictions. Lot 49 was vacant and Lot 50 was improved with a single-family home which they rented until September, 1971, when their tenant left. At that time they filed an application with the Zoning Board of Appeals of Du Page County for a variation from the existing zoning classification to operate a real estate sales office from the property and a public hearing on that application was held in October. The Du Page County Board of Supervisors granted the variation for a period of five years.

The interior of the structure on Lot 50 was converted into a sales office and most of Lot 49 was graded and covered with gravel for use as a parking lot. There was no change to the exterior of the building although a sign was erected at the front of the property.

Trust deeds dated in 1953 and 1955 containing the restrictive covenants together with the plats of units 1 and 2 of the subdivision were admitted into evidence. The language in all deeds is identical. The ordinance granting the variation was also admitted into evidence. It contains the finding of the Zoning Board of Appeals that the two lots are "* * * in the path of future development for business uses * * *." Five witnesses testified in behalf of the plaintiffs including four persons who were owners and residents in the subdivision and the fifth person who was a building and planning consultant. One witness, a real estate broker, testified for the defendant.

After the hearing the trial court made findings including "* * * since the inception of the covenants there has not been such a change in this particular area in character or environment so that it would be inequitable or unreasonable to enforce said restrictive covenants." The decree found the issues in favor of the plaintiffs and granted injunctive relief.

In seeking to reverse the action of the trial court defendant urges: one, the convenants do not prohibit the use of the property as a real estate office and two, the evidence does not support the action of the trial court in granting enforcement of the covenants.

The language employed by the subdivider in the deeds used to convey title to the individual lots in both units 1 and 2 of the Countryside was identical. Those deeds provided that the individual lots "* * * shall be residential lots" with certain exceptions in each unit. The deeds go

on to say that "[n]o structure other than a detached single family dwelling * * * shall be erected or placed on any residential lot." According to defendant the foregoing language means that once a structure is erected which could be used as a residence or was used as a residence its use is not governed by the covenants and so long as there is no change in the structure any use is permissible.

■■ We believe the position of the defendant is untenable and requires a strained interpretation of the language beyond the ordinary meaning of the words employed. Even though we agree the entire deed or covenant must be considered in construing any particular word or phrase therein (*Leverich v. Roy*, 338 Ill.App. 248, 87 N.E.2d 226), the language adequately conveys the intention of the parties that structures are to be constructed and used for residential purposes. (*N. H. Engle & Sons, Inc. v. Laurich*, 98 Ill.App.2d 18, 240 N.E.2d 9.) In *Mangini v. Oak Trust & Savings Bank*, 43 Ill.App.2d 318, 193 N.E.2d 479, applying the same covenants as are involved in the instant case, the court refers to the residential purpose of the covenants and holds that re-subdivision of the lots into smaller lots is violative of the covenants. Indeed, no claim is made by defendant that it was misled by or misunderstood the covenants. Restrictive covenants do not supersede, enlarge, or diminish the requirements of whatever zoning ordinance may be applicable and if the covenants are more restrictive than the zoning requirements, they prevail as to purchasers; if they are less restrictive, the provisions of the zoning ordinance prevail. (*Dolan v. Brown*, 338 Ill. 412, 170 N.E. 425, and *Bluett v. County of Cook*, 19 Ill.App.2d 172, 153 N.E.2d 305.) Unless the covenants are unenforceable for some reason it is our conclusion that they prohibit the use of the premises for a real estate office.

We next consider defendant's contention that the evidence is insufficient to support the trial court's determination that the covenants are enforceable.

■■ Restrictive covenants will not be enforced when there has been such a change in the character and environment of the property that the objective of the restrictions cannot be accomplished by their enforcement, or if by such change it would be unreasonable or oppressive to enforce them. (*Exchange National Bank v. City of Des Plaines*, 127 Ill.App.2d 122, 262 N.E.2d 48, and *Ewertsen v. Gerstenberg*, 186 Ill. 344, 57 N.E. 1051.) Unless a covenant is contrary to law it will be enforced and its breach enjoined unless the party against whom enforcement is sought sustains the burden of showing in accord with the foregoing equitable principle that enforcement would be inequitable. *Paschen v. Pashkow*, 63 Ill.App.2d 56, 211 N.E.2d 576.

On this appeal the defendant has called our attention to the evidence

of the changes which have occurred in the area and in particular to the business uses of property along Bloomingdale Road. Some of these changes relate to property not included within the subdivision and other changes relate to uses of property originally excepted from the residential restrictions or thereafter abrogated by agreement. In contrast to the character of the area along Bloomingdale Road, the planning consultant who testified for plaintiffs emphasized the character of the area within a two-block radius of defendant's property concluding that the essential character of defendant's property as residential had not changed and was not modified by the changes in usage of property along Bloomingdale·Road.

■■ We believe it unnecessary to detail the uses of the property since it is apparent from the nature of the arguments already discussed that the evidence was substantially in conflict, and we are unable to say as a matter of law that the changes relied on by the defendant made enforcement of the covenants inequitable. We do not agree with defendant that the trial court failed to consider any of the relevant factors such as the zoning ordinance or the conduct of the plaintiffs or other owners regarding the uses of other lots.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

SCOTT, P. J., and DIXON, J., concur.