JAY ROGERS *et al.*, Plaintiffs-Appellants, v. THE CITY OF JERSEY-VILLE *et al.*, Defendants-Appellees.

Fourth District No. 4—89—0332

Opinion filed April 5, 1990.

Ronald C. Mottaz, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellants.

W. Thomas Ryder, Ltd., of Jerseyville, and Stobbs & Sinclair, of Alton (W. Thomas Ryder and James S. Sinclair, of counsel), for appellees.

JUSTICE SPITZ delivered the opinion of the court:

The plaintiffs, Jay and Raelene Rogers, Clifford and Thea Jones, Jim and Barbara Lumma, bring this appeal from judgment of the circuit court of Jersey County. They contest the circuit court's declaring valid an ordinance of defendant City of Jerseyville (Jerseyville) which rezoned the subject property, and upholding an additional ordinance which vacated some of the streets in the subdivision.

In October 1987, the defendant Sinclair Food Markets, Inc. (Sinclair), purchased a piece of land consisting of approximately 28 acres within the southern boundary of Jerseyville. Sinclair intended to build a supermarket on the site. The land purchased by Sinclair had previously been platted as part of a residential subdivision known as Southview Terrace. A portion of the subdivision plat had already been developed for residential purposes, and the plaintiffs here are homeowners in the previously developed section.

In November 1987, Sinclair filed a petition to amend the zoning classification of the property it had purchased from R-2 (residential) to B-2 (commercial). A notice of the petition was filed and published in the newspaper. No personal notice was given to the owners of the residential property north of Sinclair's property.

On November 19, 1987, the zoning board of appeals met and heard Sinclair's petition. At this meeting, the board failed to either approve or deny the petition, but sent it on to the city council without a recommendation or findings of fact.

On December 1, 1987, the city council of Jerseyville discussed the petition and tabled it for two weeks in order to permit the council to obtain legal advice concerning the Jerseyville zoning ordinance's prohibition against the creation of a buffer zone to avoid the necessity of giving notice to adjacent landowners, as it is applied to the Sinclair petition. Subsequently, the council approved the rezoning on December 15, 1987, adopting ordinance 969.

On December 30, 1987, Sinclair filed a petition to vacate a portion of the subdivision plat and the undedicated, unconstructed and unaccepted streets designated on that portion of the plat. The parties agree the petition incorrectly described the property to be vacated. On January 12, 1988, the Jerseyville city council adopted ordinance No. 974, vacating the streets and lots in that portion of Southview Terrace incorrectly described in the petition. However, pursuant to the ordinance, Jerseyville Mayor Herman Blackerby and City Clerk Yvonne Hartman signed a plat which correctly represented the property to be vacated.

On January 14, 1988, the plaintiffs filed suit in the circuit court of Jersey County. The plaintiffs asked the court to invalidate the rezoning, to reclassify the property for residential use, and to enjoin Sinclair from using the property for commercial purposes. On April 4, 1989, judgment was entered on all counts for the defendants.

On appeal, the plaintiffs complain the defendants failed to comply with the applicable Jerseyville zoning requirements in that they (1) failed to list the adjacent property owners in the petition; (2) attempted to create a buffer zone in violation of the ordinance; (3) failed to give personal notice to adjacent property owners; (4) failed to obtain a recommendation or findings of fact from the zoning appeals board; and (5) improperly attempted to override the restrictive covenants pertaining to the subdivision by the rezoning.

■ ■ When a court reviews the actions of a zoning authority, all presumptions favor the validity of the zoning ordinance. (*La Salle National Bank v. City of Chicago* (1955), 6 Ill. 2d 22, 126 N.E.2d 643.) When the proper authorities adopted the zoning ordinance, the presumption of validity cannot be lightly set aside. (*Boward v. County of Cook* (1963), 27 Ill. 2d 52, 187 N.E.2d 676.) The plaintiffs have cited *Cain v. Lyddon* (1931), 343 Ill. 217, 175 N.E. 391, for the proposition that when a municipality establishes zoning procedures, it must then

follow them. However, what is required is not exact compliance, but substantial compliance. (*Treadway v. City of Rockford* (1962), 24 Ill. 2d 488, 182 N.E.2d 219.) Therefore, the question which this court must consider is whether substantial compliance with the Jerseyville zoning ordinance was had in this case.

Plaintiffs first maintain proper notice was not given since the residential landowners in the subdivision were not listed on the petition as required by ordinance and did not receive personal notice. Defects in notice of hearing on an application for zoning variances may not be raised by parties who had actual notice of the meeting, failed to object to the alleged defect at the meeting, and showed no prejudice from such defect. (*Armour v. Mueller* (1976), 36 Ill. App. 3d 23, 343 N.E.2d 251.) In this case, there was objection to the lack of notice at the meeting. However, plaintiffs do not contend they were unaware of the meeting or its subject matter, or did not have actual notice. Although plaintiffs suggest that with proper notice it would have been possible to better prepare their case, or retain counsel to represent them, the record does not demonstrate the plaintiffs were prejudiced or prevented in any way from fully participating in any of the three meetings which dealt with rezoning.

Plaintiffs also contend Sinclair's decision to leave a strip of its property zoned as residential was an attempt to create a buffer zone in contravention of section 16 of the zoning ordinance. (City of Jerseyville, Ill., ch. 26, App. A, §16 (1987) (zoning).) All parties agree the purpose of this requirement is to prevent land developers from avoiding the notice requirements. While it does appear Sinclair did leave a strip of land adjoining other property in its existing zoning classification, the adjacent landowners who are parties to this litigation had actual notice and fully participated in the rezoning process. For this reason, they suffered no prejudice.

When the Jerseyville zoning appeals board considered Sinclair's rezoning petition, the appeals board failed to make any recommendation or findings of fact and sent the petition on to the city council. The plaintiffs complain this was in contravention of the ordinance which requires the board to make a recommendation and findings of fact. (See City of Jerseyville, Ill., ch. 26, App. A, §§14.3—3, 14.3—4, 15.2 (1987) (zoning).) The zoning ordinance requires a public hearing before the zoning board of appeals, with recommendations forwarded to the city council, before the zoning ordinance can be amended. The city council may not grant a variation in any specific case without the zoning board having first conducted a hearing or without having received a report in which findings of fact specify the zoning board's

reasons for its decision. However, having received the report, the city council may adopt or deny the zoning variation without further public hearing. The zoning ordinance states that if the zoning board determines the variation should be granted, then the zoning board must find the zoning variation will not (1) impair an adjacent supply of light and air to adjacent property; (2) unreasonably increase the congestion in public streets; (3) increase the danger of fire or endanger the public safety; and (4) unreasonably diminish or impair established property values within the surrounding area, or in any other respect, impair the public health, safety, comfort, morals, and welfare of the inhabitants of Jerseyville.

■ In this case, the zoning board did conduct a hearing, and submitted a report of "no recommendation" to the city council. While the reasons therefor are not stated in the report, this action may have been prompted by the fact that one of the plaintiffs, Raelene Rogers, is the chairwoman of the Jerseyville zoning board of appeals. While there is no indication of impropriety, the reasons underlying the zoning board's action would be obvious even though not specified in the report. Furthermore, the failure of the zoning board to make findings of fact does not require the rezoning ordinance to be invalidated, since the zoning board is merely an advisory administrative board. *Kleidon v. City of Hickory Hills* (1983), 120 Ill. App. 3d 1043, 458 N.E.2d 931; see also *American National Bank & Trust Co. v. Village of Skokie* (1989), 181 Ill. App. 3d 189, 536 N.E.2d 926.

■ The plaintiffs also maintain the rezoning is invalid because it would interfere with the enforcement of the restrictive covenants in the deeds. However, the restrictive covenants will prevail as to the purchasers of the property only where zoning is less restrictive than the covenants. Otherwise, the zoning ordinance prevails. (*Bluett v. County of Cook* (1958), 19 Ill. App. 2d 172, 153 N.E.2d 305.) In this case the trial court found that the rezoning did not interfere with the restrictive covenants since the restrictive covenants had been waived and were unenforceable due to a change in the character and environment of the property.

■ Plaintiffs contend the trial court erred when it held a longstanding adverse use precluded the enforcement of the restrictive covenants in the deeds. The trial court found there was a long-established commercial usage of one of the lots in the subdivision plat. This building had originally been erected by the developer for use as a sales office and was later used as an office by an attorney. Restrictive covenants will not be enforced when there has been such a change in the character and environment of the property that the objective of

the restrictions cannot be accomplished by their enforcement or if, by such change, it would be unreasonable or oppressive to enforce them. *Boschelli v. Villa Park Trust & Savings Bank* (1974), 23 Ill. App. 3d 82, 318 N.E.2d 527.

In addition to the evidence of a long-standing adverse use, Sinclair also put on evidence it was no longer feasible to profitably develop its property for residential purposes. Due to the low demand for residential lots in Jerseyville and the high cost that a developer would face in providing the required streets, sewers, water and other services, a continued residential zoning would have the effect of forcing Sinclair to continue to lease the land for agricultural purposes or to develop it for residential use at a loss. In addition, Dean Hennigan, a civil engineer, described the commercial development which has taken place in the vicinity. Mayor Blackerby testified this is the area of the town in which the council wants to centralize the commercial growth and he approves of the proposed development of a supermarket on the subject property. Although the subject property consisted of 100 residential lots, as platted, the mayor is not aware of a subdivision that size being developed in Jerseyville and observed that this portion of the subdivision has remained undeveloped and used for farming since the property was subdivided. See *Suhadolnik v. City of Springfield* (1989), 184 Ill. App. 3d 155, 540 N.E.2d 895, for a discussion of the factors to be considered in determining the validity of a zoning decision.

 ██ The trial court's findings as to the validity of a zoning ordinance will be overturned on appeal only if the findings are against the manifest weight of the evidence. (*Thompson v. Cook County Zoning Board of Appeals* (1981), 96 Ill. App. 3d 561, 421 N.E.2d 285.) The trial court's decision will be considered to be against the manifest weight of the evidence if, after a review of the evidence, it is clearly evident that the conclusion opposite to the one reached by the trial court was the proper disposition. (*Stone v. City of Arcola* (1989), 181 Ill. App. 3d 513, 536 N.E.2d 1329.) Based on the record in this case, the decision of the trial court, as to the rezoning ordinance, is not against the manifest weight of the evidence.

 However, the same cannot be said about the ordinance to vacate the streets and lots in the subject portion of the subdivision. In the petition for vacating the plat, a clerical error was made and the petition called for the vacating of block two of the plat. As Sinclair only owned a portion of the lots in block two, the plaintiffs contend the action is void because it required the consent of all the landowners with an interest on that block. However, the plat actually

signed and filed by the mayor and city clerk correctly depicted the property to be vacated. Plaintiffs argue the ordinance passed as to the erroneous petition must control and the council action must be reversed. The circuit court held that as Sinclair did not own some of the lots in block two, there could be no vacating of those lots, and the ordinance would not apply to them. Certainly, Sinclair has the right to vacate the plat as to the property owned by Sinclair without the need to have others join in the vacation. (*Chicago Anderson Pressed Brick Co. v. City of Chicago* (1891), 138 Ill. 628, 28 N.E. 756; *Littler v. City of Lincoln* (1883), 106 Ill. 353; Ill. Rev. Stat. 1987, ch. 109, par. 7.) Nevertheless, it is quite a simple matter for the city council to amend its ordinance to conform to the plat and the trial court should have ordered that this be done.

Accordingly, the order of the circuit court of Jersey County is affirmed in part, reversed in part, and remanded for further proceedings concerning the ordinance vacating the plat and streets, not inconsistent with this opinion.

Affirmed in part; reversed in part and remanded with directions.

LUND and McCULLOUGH, JJ., concur.