THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY R. ADAMS, Defendant-Appellant.

Fourth District   No. 4—91—0619

Opinion filed February 6, 1992.

Thomas D. Denby, of Denby, Meno, Bloomer & Denby, of Carlinville, for appellant.

Vince Moreth, State's Attorney, of Carlinville (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Timothy R. Adams appeals from an order of the circuit court of Macoupin County denying his petition to rescind the statutory summary suspension of his Illinois driver's license. On appeal, the only issue raised is whether the decision of the trial court was against the manifest weight of the evidence.

Defendant was the only witness to testify at the hearing. However, the parties stipulated to portions of the arresting officer's report, which was read into the record as follows:

"On May 4, 1991, I, Trooper C. J. Leach, Number 4346, was patrolling on Illinois Route 16 in Gillespie, Illinois. At the intersection of Illinois Route 16 and Macoupin Street, I saw an east bound [*sic*] green Mazda flatbed truck with no registration plates visible on the front or rear. I initiated a traffic enforcement stop on the Mazda to investigate the registration. The Mazda pulled into the Wareco at the intersection of Illinois Route 16 and Illinois Route 4. As I shone my spotlight on the rear window of the Mazda, I saw that a valid license applied for slip was displayed in the rear window. I went to the Mazda driver's door to explain to the driver, Timothy R. Adams, why I stopped him. Adams' wife, Diane, and another male adult were also passengers in the Mazda."

Defendant testified that when Leach approached his vehicle, the officer apologized and indicated he saw the form in the rear window of the truck. Defendant stated the officer had followed his vehicle for about a half of a mile, although he was not speeding or weaving and there was nothing illegal about his vehicle. Defendant stated this incident took place in the evening, and defendant's counsel advised the court that it occurred about midnight. Defendant stated he received no ticket other than the ticket for driving while under the influence of alcohol (DUI). (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2).) On Leach's sworn report regarding summary suspension, the bases for the DUI arrest were stated to be "odor of alcoholic beverage on breath, slurred speech, failure of field sobriety test." The summary suspension resulted because defendant's blood-alcohol concentration was .19.

On appeal, defendant argues Leach had no reasonable, articulable suspicion or belief that a crime had been or was about to be committed such as to justify the initial stop. Defendant also argues that once determining the license-applied-for form was valid, the officer was not justified in further detaining him and subsequently arresting him for DUI. We affirm.

A proceeding to rescind a summary suspension is a civil action in which the burden of proof rests on the motorist. (*People v. Orth* (1988), 124 Ill. 2d 326, 337-38, 530 N.E.2d 210, 215.) The trial court's determination of whether the motorist's evidence constitutes a *prima facie* case for rescission will be overturned on appeal only if the finding is against the manifest weight of the evidence. (*Orth*, 124 Ill. 2d at 341, 530 N.E.2d at 217.) "The trial court's decision will be considered to be against the manifest weight of the evidence if, after a review of the evidence, it is clearly evident that the conclusion opposite to the one reached by the trial court was the proper disposition." *Rogers v. City of Jerseyville* (1990), 196 Ill. App. 3d 136, 142, 552 N.E.2d 1314, 1319.

A very similar issue was raised and considered in *People v. Tylkowski* (1988), 171 Ill. App. 3d 93, 524 N.E.2d 1112. In *Tylkowski*, the court stated:

> "Defendant contends that it appears from his confession that, while he did not have license plates, he had a receipt showing that he had applied for the plates displayed on his windshield. He argues that, therefore, the police were not justified in stopping him. However, the only way the officers could determine that defendant did have a valid receipt on his windshield was by stopping him to check. The fact that there was no evidence

that the officers ever determined whether the defendant had applied for plates does not invalidate defendant's arrest in light of the fact that upon stopping defendant, the officers discovered that he was carrying a weapon and driving without a license. Accordingly, we conclude that the officers' investigatory stop was warranted and that defendant's subsequent arrest was not illegal." *Tylkowski*, 171 Ill. App. 3d at 98-99, 524 N.E.2d at 1116.

■ Even though no probable cause exists to arrest an individual, a police officer may make an investigatory stop if the officer's decision is based on specific and articulable facts and the rational inferences therefrom which warrant an investigative intrusion. (*Tylkowski*, 171 Ill. App. 3d at 98-99, 524 N.E.2d at 1116; *People v. Moffitt* (1985), 138 Ill. App. 3d 106, 111, 485 N.E.2d 513, 517.) Stopping a motor vehicle and detaining its occupants without a warrant is a seizure which would be prohibited by the fourth and fourteenth amendments of the United States Constitution unless there is at least an articulable and reasonable suspicion that an occupant or the vehicle is subject to seizure for a violation of the law. (*Delaware v. Prouse* (1979), 440 U.S. 648, 663, 59 L. Ed. 2d 660, 673, 99 S. Ct. 1391, 1401.) The test is not what the officer should have seen, but whether, viewed objectively, the "totality of the facts and circumstances known to the officer at the time of the stop would warrant a reasonable and prudent person to believe a crime had been committed." (*People v. Assenato* (1989), 186 Ill. App. 3d 331, 337, 542 N.E.2d 457, 460, *cert. denied* (1990), 493 U.S. 1027, 107 L. Ed. 2d 754, 110 S. Ct. 736; see also Ill. Rev. Stat. 1989, ch. 38, par. 107—14; *Tylkowski*, 171 Ill. App. 3d at 98, 524 N.E.2d at 1116.) The absence of a license plate provides the basis for the stop. The trial court found the officer did not observe the license-applied-for sticker prior to the stop. The fact that defendant was not cited for the offense which the officer suspected was being committed and for which defendant was originally stopped does not invalidate the subsequent arrest of defendant when probable cause for a more serious violation is discovered after the stop. *Assenato*, 186 Ill. App. 3d at 337, 542 N.E.2d at 460.

■ Defendant next argues that once Leach determined the license-applied-for form was valid, it was improper for the officer to further "detain" him to speak to him and apologize for stopping him. The trial judge observed that it was "good common sense, good everyday etiquette" for the officer to attempt to apologize and to explain the reason for the stop.

Defendant attempts to break this issue into a two-step analysis. There is no need for a bifurcated analysis. The entire incident was the result of a single stop. The stop was justified. The officer's talking to defendant is not a further, unwarranted intrusion, as defendant argues. It just naturally follows that once it was determined that defendant had a valid license-applied-for form displayed, the officer would approach the defendant, explain the reason for the stop, apologize, and advise defendant he was free to leave. In so doing, any observations the officer made may form the basis of probable cause to arrest the defendant for a reason totally unrelated to the stop. As a result, the denial of defendant's petition to rescind the summary suspension is not against the manifest weight of the evidence.

The judgment of the circuit court of Macoupin County is affirmed.

Affirmed.

STEIGMANN and LUND, JJ., concur.