655 N.E.2d 290 (1995)
274 Ill.App.3d 781
211 Ill.Dec. 387
The PEOPLE of the State of Illinois, Plaintiff-Appellant,
v.
Alonzo J. ARTEAGA, Defendant-Appellee.
No. 3-94-0840.
Appellate Court of Illinois, Third District.
August 15, 1995.
As Modified on Denial of Rehearing September 29, 1995.
John X. Breslin, Deputy Director, State's Attorneys Appellate Prosecutor, Ottawa, Greg McClintock, Warren County State's Attorney, Monmouth, Judith Z. Kelly, State's Attorneys Appellate Prosecutor, Ottawa, for the People.
Joseph N. Ehmann, Office of the State Appellate Defender, Ottawa, for Alonza J. Arteaga.

MODIFIED OPINION UPON DENIAL OF PETITION FOR REHEARING
Justice McCUSKEY delivered the opinion of the court:
The defendant, Alonzo J. Arteaga, was convicted of driving while his license was revoked (625 ILCS 5/6-303 (West 1994)) and sentenced to seven days' imprisonment. The trial court later granted the defendant's motion for a new trial. After a hearing, the trial court granted the defendant's motion to quash his arrest and suppress evidence. The State appeals. We affirm.
The bystander's report reflects that Officer Robert Myers of the Monmouth, Illinois, police department was on routine patrol on the night of March 19, 1994. Around 11:45 p.m., Officer Myers saw a white Ford vehicle with no visible registration being driven down Main Street. The officer stopped the vehicle.
Officer Myers exited his squad car and approached the Ford from the rear. He discovered a valid temporary registration card affixed to the inside of the Ford's rear window. The officer was unable to see the registration from his vehicle because it was dark outside and the rear window was tinted. Officer Myers then approached the defendant, who remained seated in the car, and asked for his driver's license. The defendant *291 produced a facially valid Illinois driver's license which identified him as Alonzo J. Arteaga. Officer Myers then ran a computer inquiry into the validity of the defendant's license and discovered that it had been revoked. The defendant was subsequently arrested.
In ruling on the defendant's motion to quash arrest and suppress evidence, the trial court found that the officer had improperly seized the defendant by requiring him to wait while the officer ran a computer inquiry on his driver's license. In reliance upon our decision in People v. McVey (1989), 185 Ill. App.3d 536, 133 Ill.Dec. 624, 541 N.E.2d 835, the trial court granted the defendant's motion.
On appeal, the State contends that the trial court erred when it granted the defendant's motion. Specifically, it argues that running a computer check on the defendant's license was not a "seizure" within the meaning of the fourth amendment. Based on the bystander's report, we cannot agree with the State's arguments.
A seizure occurs when an officer has restrained a person's freedom of movement by physical force or show of authority. (Michigan v. Chesternut (1988), 486 U.S. 567, 573, 108 S.Ct. 1975, 1979, 100 L.Ed.2d 565, 571.) A seizure is justified only when the totality of the facts and circumstances known to the officer at the time of the stop warrants a reasonable belief that a crime has been committed. (People v. Adams (1992), 225 Ill.App.3d 815, 818, 167 Ill.Dec. 323, 326, 587 N.E.2d 592, 595.) A trial court's decision to suppress evidence will not be disturbed unless it is manifestly erroneous. People v. Hinton (1993), 249 Ill.App.3d 713, 716, 188 Ill.Dec. 834, 837, 619 N.E.2d 198, 201.
In McVey, a police officer pulled up behind a parked car. The officer requested the defendant's driver's license, and the defendant handed him a facially valid California driver's license. At that point, a seizure had not occurred. (McVey, 185 Ill.App.3d at 539, 133 Ill.Dec. at 626, 541 N.E.2d at 837.) However, the officer then ordered the defendant to remain in his automobile while the officer completed a computer check on the defendant's license. We held that a seizure occurred because, at that point, the defendant could have reasonably believed that he was not free to leave. (McVey, 185 Ill.App.3d at 539, 133 Ill.Dec. at 626, 541 N.E.2d at 837.) We also found the seizure was not justified because the officer's questions had been answered and there was no reason for the officer to suspect criminal activity. McVey, 185 Ill.App.3d at 539-40, 133 Ill.Dec. at 626-27, 541 N.E.2d at 837-38.
In United States v. McSwain (10th Cir. 1994), 29 F.3d 558, an officer observed that McSwain's car had no license plates. The officer could not see whether the car had a temporary registration and consequently stopped McSwain. When the officer approached the car, he saw that it had a valid temporary registration. Nevertheless, he asked McSwain for a driver's license and registration. McSwain produced the car's registration and his identification. He told the officer that he had no valid driver's license. The officer ran a computer check and discovered that McSwain had a suspended license and a prior criminal record. As a result, the officer sought and obtained McSwain's consent to search the car. The officer found drugs and arrested McSwain.
The court of appeals held that the detention after the stop was unlawful. The court based its decision in part on the officer's intent to determine solely whether McSwain's car was validly registered. The court stated that once the officer found the registration was valid, the purpose for the stop had been satisfied. The officer's further detention to ask about the car and to request McSwain's license and registration exceeded the scope of the underlying justification for the stop. McSwain, 29 F.3d at 561.
We conclude that the reasoning in McVey and McSwain controls our decision in the instant case. It is clear that the purpose of stopping the defendant's car was to determine whether it had a valid temporary registration. When Officer Myers saw the valid registration in the rear window and the defendant tendered a facially valid driver's license, Myers had no reason to detain the defendant any longer. However, Myers ordered the defendant to wait while he ran a *292 computer check on the defendant's license. This action by the officer exceeded the underlying justification for the initial stop (see McSwain, 29 F.3d at 561) and was a fourth amendment seizure which was not justified because there was no reason to suspect criminal activity (see McVey, 185 Ill.App.3d at 539, 133 Ill.Dec. at 626, 541 N.E.2d at 837).
For the foregoing reasons, we find no manifest error in the trial court's decision to grant the defendant's motion to quash the arrest and suppress evidence. Accordingly, the judgment of the circuit court of Warren County is affirmed.
Affirmed.
STOUDER, P.J., and SLATER, J., concur.