THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES PLUMMER, Defendant-Appellant.

Fourth District    No. 4—96—0551

Opinion filed April 1, 1997.

Thomas R. Glasson, of Brankey, Smith & Glasson, P.C., of Charleston, for appellant.

Allan F. Lolie, Jr., State's Attorney, of Paris (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Defendant James Plummer appeals an order of the circuit court of Edgar County denying his petition to rescind the statutory summary suspension of his driver's license arising out of his arrest for driving under the influence (DUI) (625 ILCS 5/11—501(a)(2) (West 1994)). He contends the arrest was improper because it was made outside the arresting officer's jurisdiction and the officer used the power of his office to obtain evidence not available to private citizens. We disagree and affirm.

On April 7, 1996, at approximately 3:30 a.m., Deputy Troy Wesley of the Clark County sheriff's department was on duty. He was returning to Clark County after delivering a report to the Edgar County sheriff's department in Paris, Illinois. As he traveled south on Route 1 in Edgar County, he observed defendant's vehicle being driven erratically. The vehicle swerved in its lane, crossed the centerline twice, and veered off the right shoulder twice (nearly entering onto the grassy part of the shoulder both times). Wesley radioed the Clark County sheriff for a backup from Edgar County, and the Clark County sheriff's department contacted the Edgar County sheriff. Wesley then activated his emergency lights and defendant pulled over to the side of the road.

Wesley was in a marked squad car and in uniform. He approached defendant's vehicle and asked defendant to produce his driver's license and registration. Defendant complied. Wesley detected a moderate odor of alcohol on defendant's breath and asked him if he had been drinking alcohol. Defendant replied, "[A] couple." Several minutes after the traffic stop, Deputy St. Clair of the Edgar County sheriff's department arrived. After St. Clair's arrival, Wesley conducted field-sobriety tests on defendant. St. Clair stood nearby but did not participate in conducting the tests. Wesley concluded that defendant failed the sobriety tests and placed defendant under arrest for DUI. St. Clair was present at the time of the arrest.

Defendant was handcuffed, placed in Wesley's car, and transported to the Edgar County jail. There was no particular reason to use Wesley's car rather than St. Clair's. When they arrived, the officers discussed giving defendant a breathalyzer test. St. Clair asked if Wesley was a certified operator and he replied affirmatively. St. Clair asked Wesley to conduct the test, as his certification had recently expired and there was no one available at the jail certified to operate the breathalyzer. Following the appropriate warnings, defendant agreed to take the test. The result showed an alcohol concentration of 0.13. All the paperwork was done by Wesley except the two tickets, which were filled out by St. Clair. Defendant received immediate no-

tice of the statutory summary suspension of his driver's license. See 625 ILCS 5/11—501.1(f) (West 1994).

On May 9, 1996, defendant filed a petition to rescind his statutory summary suspension. On June 6, 1996, defendant filed a memorandum of law in support of the petition. The memorandum argued Wesley was limited to making an arrest as a private citizen because he was outside his jurisdiction and that he went beyond that limit by using resources unavailable to private citizens in making the arrest. Thus, the arrest was improper.

On June 14, 1996, the trial court denied defendant's petition and held the arrest was proper. This timely appeal followed.

Defendant's arguments on appeal are essentially the same contentions presented at the trial court. He claims his arrest was improper because Wesley was outside his jurisdiction and he used the power of his office to obtain evidence not available to private citizens. Specifically, defendant points to Wesley's use of emergency lights, his conducting field-sobriety tests, and his administering a breathalyzer to acquire evidence of DUI. Therefore, defendant asserts, because the underlying arrest was invalid and a valid arrest is required to suspend his driver's license, the statutory summary suspension should be rescinded.

■ We first address the applicable standard of review. A summary suspension hearing is a civil action in which the burden of proof rests on the motorist. *People v. Orth*, 124 Ill. 2d 326, 337-38, 530 N.E.2d 210, 215 (1988); *People v. Adams*, 225 Ill. App. 3d 815, 817, 587 N.E.2d 592, 594 (1992). Further, the trial court's determination in a rescission proceeding will not be overturned unless it is manifestly erroneous. *People v. Crocker*, 267 Ill. App. 3d 343, 345, 641 N.E.2d 1237, 1239 (1994).

■ At common law, a municipal or county police officer had no authority to arrest outside his jurisdiction unless he was in fresh pursuit of a defendant fleeing his jurisdiction. *People v. Lahr*, 147 Ill. 2d 379, 382, 589 N.E.2d 539, 540 (1992). This rule has been modified by section 107—3 of the Code of Criminal Procedure of 1963, which provides: "Any person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation is being committed." 725 ILCS 5/107—3 (West 1994). Thus, a police officer outside his jurisdiction can make a warrantless arrest in the same situation as an ordinary citizen. *People v. Niedzwiedz*, 268 Ill. App. 3d 119, 122, 644 N.E.2d 53, 55 (1994). However, in those situations, a police officer's right to arrest is not greater than that of a private citizen. An extraterritorial arrest will not be upheld if, in making the arrest, the officer uses the power of his office to obtain ev-

idence not available to private citizens. *Lahr*, 147 Ill. 2d at 382-83, 589 N.E.2d at 540.

In *Lahr*, the supreme court upheld the quash of an arrest made by an officer who utilized a radar gun to detect speeding motorists outside the officer's jurisdiction. According to the court, the use of the radar gun removed the arrest from the purview of the citizen's arrest statute because a private citizen is not typically armed with a radar gun. Therefore, because the officer used the power of his office (access to a radar gun) to obtain evidence unavailable to a private citizen, the arrest did not qualify as a citizen's arrest. *Lahr*, 147 Ill. 2d at 386-87, 589 N.E.2d at 542.

Defendant maintains *Lahr* is directly applicable to the present case. We disagree. There is no question that the emergency lights, field-sobriety tests, and breathalyzer test are resources available to Wesley in his official capacity as a deputy and were used to obtain evidence of DUI. There is also no question that these resources are generally unavailable to private citizens. However, unlike *Lahr*, where the police officer stopped the defendant based upon evidence obtained through the power of his office (using a radar gun), Wesley stopped defendant based upon evidence he acquired through his own eyes—he observed defendant driving erratically. This evidence, available to any private citizen and not obtained through his official capacity as a deputy, provided Wesley with reasonable grounds to stop defendant.

■ Furthermore, evidence acquired through the power of Wesley's office after the initial stop (sobriety tests and breathalyzer test) did not render the arrest improper. When a police officer outside his jurisdiction conducts a valid traffic stop based upon evidence obtained through his observations, the subsequent use of his power as an officer to acquire further evidence not available to a private citizen does not invalidate an arrest. See *People v. Gutt*, 267 Ill. App. 3d 95, 640 N.E.2d 1013 (1994) (extraterritorial arrest for DUI based upon breathalyzer test was not improper, where officer stopped defendant after observing him make a left turn without signaling); *People v. Gupton*, 139 Ill. App. 3d 530, 487 N.E.2d 1060 (1985) (extraterritorial arrest for DUI based upon sobriety tests and breathalyzer test was not invalid where officer stopped defendant after observing him swerving); *People v. Rowe*, 128 Ill. App. 3d 721, 471 N.E.2d 578 (1984) (extraterritorial arrest for DUI based upon breathalyzer test and statements made by defendant was not invalid where officers stopped defendant after observing him swerving).

For these reasons, we find defendant's arrest for DUI was not improper. Therefore, we hold the trial court's decision to deny defendant's petition to rescind the statutory summary suspension of

his driver's license was not manifestly erroneous. Accordingly, we affirm the judgment of the circuit court of Edgar County.

Affirmed.

STEIGMANN, P.J., and COOK, J., concur.