THE VILLAGE OF LYNWOOD, Plaintiff-Appellant, v. THOMAS B. KING, Defendant-Appellee.

First District (1st Division) No. 1—98—2566

Opinion filed August 23, 1999.

Buikema, Hiskes, Dillner, O'Donnell & Marovich, Ltd., of Orland Park (Michael J. Marovich, of counsel), for appellant.

Gulotta & Kawanna, of Calumet City (Edward A. Antonietti, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant was charged with violating section 15—112(c) of the Illinois Vehicle Code (Code) (625 ILCS 5/15—112(c) (West 1996)). The trial court sustained defendant's motion to dismiss, and the Village of

Lynwood (village), which was prosecuting the charge, has appealed. The village contends that the record shows the offense was committed within the village's territorial boundaries, and even if the offense occurred outside those boundaries, the arresting officer, who was an eyewitness to the commission of the offense, still had the authority to arrest defendant.

The appeal comes before us with a limited record. From the record and briefs, we learn that defendant was stopped by a village police officer and charged with violating a regulatory sign directing trucks to a weighing site. Defendant filed a motion to dismiss. In that motion, defendant noted that section 15—112(c) of the Code authorized the State Police to request that the Illinois Department of Transportation erect signage directing certain types of trucks to a weighing station. Defendant claimed that the sign that he was accused of violating directed him to a weigh station outside the village's boundaries. He concluded that the village's officer was therefore without authority to enforce the regulatory sign because all matters occurred outside the village's jurisdiction. In his brief, defendant contends that any violation which occurred by his failure to stop at the weigh station would have occurred outside the village's boundaries.

The village filed a response in opposition to defendant's motion. The village described the area where the alleged violation occurred, stating that the regulatory signs directing trucks to the weigh station were located within the village's boundaries, and defendant had driven past them on his way to a nearby recycling center. The village also submitted the affidavit of its licensed professional engineer, who averred that the recycling facility was adjacent to the village's boundaries with its vehicle access road running southbound from Route 30. The access road used by defendant and Route 30 intersected within the village's corporate limits. In his brief, defendant has claimed that the weigh station was about one mile past the access road.

Initially, we believe that defendant miscaptioned his motion as a motion to dismiss. Defendant's basis for challenging the charge by a motion to dismiss is not statutorily delineated. 725 ILCS 5/114—1 (West 1996). However, as the village contends, we believe that it could be considered as a motion to suppress based on an illegal arrest. As such, we review the trial court's determination *de novo* because the facts are not in dispute. *People v. Dilworth*, 169 Ill. 2d 195, 201, 661 N.E.2d 310, 314 (1996).

We reject any suggestion regarding the geographical necessity of the officer's actions occurring within the village's boundaries. In *People v. Plummer*, 287 Ill. App. 3d 250, 678 N.E.2d 1079 (1997), a Clark County deputy sheriff had driven to Edgar County on official business.

While in Edgar County, he saw defendant driving erratically, stopped defendant and arrested him for driving under the influence. The appellate court rejected defendant's assertion, *inter alia*, that his arrest was improper because it occurred outside the officer's jurisdiction. The court approved the officer's actions, finding they were based on factors he had personally observed which would have been available to any person without regard to his or her law enforcement status. *Plummer*, 287 Ill. App. 3d at 253, 678 N.E.2d at 1081. In the present case, the record shows that the same reasoning is applicable.

We also reject defendant's position regarding where the violation occurred. Defendant seems to believe that he had to drive past the weigh station without stopping there. Here, defendant apparently was presented with a situation where there was signage within the village's boundaries directing him to a weigh station. Rather than proceeding to the weigh station, defendant turned off on another roadway in the village to reach his destination, thereby avoiding the weigh station. However, section 15—112(c) of the Code provides that "[e]very such vehicle, pursuant to such sign, shall stop and be weighed." 625 ILCS 5/15—112(c) (West 1996). The language of this statute indicates that a violation occurs when the sign's directive is ignored. In this case, this action occurred when defendant turned off the roadway leading to the weigh station. This occurred within the village's boundaries.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.