THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT A. WOLFF, Defendant-Appellant.

Third District   No. 3—88—0438

Opinion filed May 10, 1989.

Pierson, Maloney & Rayfield, of Princeton (Matthew A. Maloney, of counsel), for appellant.

Marc Bernabei, State's Attorney, of Princeton (John X. Breslin and Vicki Seidl, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Robert A. Wolff, was charged with driving under the influence and improper lane usage in Bureau County, Illinois. Thereafter, the defendant was read the "Warning to Motorist" and voluntarily consented to a breathalyzer test which revealed that the defendant's blood-alcohol concentration was .15. The defendant was then given immediate notice of his statutory suspension. The defendant subsequently filed a motion to quash his arrest, suppress all evidence, and rescind his statutory summary suspension, which was de-

nied after two evidentiary hearings. The defendant appeals the trial judge's denial of his motion to rescind his statutory summary suspension. We affirm.

On appeal, the defendant contends that he was arrested in his home without probable cause and without an arrest warrant, thus violating his fourth amendment rights. The State maintains that the defendant was not arrested at his home and voluntarily chose to accompany Officer Ray Kuhnert to the Bureau County jail. Alternatively, the State asserts that the defendant's arrest was sufficiently supported by probable cause and occurred in the defendant's open doorway, which is deemed to be a public place for purposes of the fourth amendment. The trial judge found that the defendant was arrested at his home and that there was adequate probable cause to arrest the defendant for either driving under the influence or reckless driving. Although we question whether an actual arrest took place at the defendant's home, we agree with the lower court that probable cause did exist to arrest the defendant.

On November 11, 1987, Officer Ray Kuhnert was on patrol when he was flagged down by a motorist, Glenn Sissel, who informed him that a vehicle had just run his automobile off the road. Mr. Sissel informed Officer Kuhnert that he had followed the vehicle and knew where the driver resided. Officer Kuhnert then followed Mr. Sissel to the defendant's residence, where Mr. Sissel identified the defendant as the driver of the vehicle which had run him off the road.

Officer Kuhnert testified that when he arrived at the defendant's residence he knocked at the door several times before the defendant appeared. Officer Kuhnert stated that he noticed a strong odor of alcohol on the defendant's breath when the defendant answered the door. While standing in the doorway of the defendant's house, Officer Kuhnert informed the defendant of Mr. Sissel's allegations and told him that because the incident occurred outside the Princeton City limits, the matter was more properly dealt with by the Bureau County sheriff's department. Officer Kuhnert stated that the defendant agreed to accompany him to the county jail, but that the defendant indicated that he had to go upstairs and hang up the telephone before he could leave. Officer Kuhnert then followed the defendant into the defendant's house and waited for him at the base of the stairs until the defendant finished his telephone conversation. Officer Kuhnert testified that he did not place the defendant under arrest at the defendant's home, but that the defendant was arrested at the Bureau County jail.

The Illinois Supreme Court has held that the defendant bears

the burden of proof at a hearing to rescind his statutory summary suspension. (*People v. Orth* (1988), 124 Ill. 2d 326.) Furthermore, it is well settled that an appellate court will not overturn the trial judge's finding following an implied consent hearing, unless it is contrary to the manifest weight of the evidence. *People v. Kirby* (1986), 145 Ill. App. 3d 144.

As a general rule, it is permissible for a police officer to make a warrantless arrest if he has probable cause to believe that the person arrested is committing or has committed a criminal offense. (*People v. Millender* (1986), 140 Ill. App. 3d 504.) Whether probable cause exists in a particular case does not depend upon the application of technical legal rules, but upon the totality of the circumstances and facts known to the officer at the time the arrest was made. *People v. Tisler* (1984), 103 Ill. 2d 226.

In the present action, Officer Kuhnert was informed by Mr. Sissel that the defendant's vehicle had crossed the center line and forced his automobile off the road. A police officer, in determining whether or not probable cause exists, may rely on information supplied by an ordinary citizen who is a witness or the victim of a crime without independent verification. (*People v. Spencer* (1982), 107 Ill. App. 3d 835.) Additionally, Officer Kuhnert noticed a strong odor of alcohol on the defendant's breath when he confronted the defendant at the defendant's home. This court finds that the combination of these factors was sufficient probable cause to believe that the defendant had committed both the offense of improper lane usage and the offense of driving under the influence.

This court further notes that the test for determining the validity of the arrest is whether the officer had actual probable cause to arrest the defendant, not whether the officer correctly articulated the basis for the arrest. (*People v. Kincy* (1982), 106 Ill. App. 3d 250.) Thus, an officer's subjective belief does not control the issue of whether or not probable cause existed in order to arrest the defendant. (*People v. Moody* (1981), 97 Ill. App. 3d 758.) A court may place itself in the position of the arresting officer and, in light of the objective evidence, substitute its judgment on the issue of probable cause for the officer's judgment. (*Moody*, 97 Ill. App. 3d at 766.) Consequently, it does not matter what Officer Kuhnert subjectively believed, as long as there was actual probable cause to arrest the defendant. By reason of the facts previously noted, we find that probable cause did exist.

Finally, this court acknowledges that a warrantless and nonconsensual entry into a suspect's home to make an arrest is pro-

hibited by the fourth amendment. (*Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371.) This, however, was not the situation presented by the facts of the case at bar. It is well accepted that where a police officer has probable cause to arrest the defendant, an arrest may be made at the entrance of a defendant's home when the defendant voluntarily opens the door in response to an officer's knocking. (*People v. Schreiber* (1982), 104 Ill. App. 3d 618, *cert. denied* (1983), 459 U.S. 1214, 75 L. Ed. 2d 452, 103 S. Ct. 1214.) Generally, a person standing in an open doorway of his or her house is deemed to be in a public place for purposes of the fourth amendment. (*United States v. Santana* (1976), 427 U.S. 38, 49 L. Ed. 2d 300, 96 S. Ct. 2406.) In the instant case, Officer Kuhnert knocked on the defendant's door and the defendant voluntarily opened the door. The entire conversation between the defendant and Officer Kuhnert took place in the defendant's doorway. It was from this vantage point that Officer Kuhnert informed the defendant of Mr. Sissel's allegations and detected the strong odor of alcohol on the defendant's breath. Hence, the defendant was arrested, if at all, while he was standing in the doorway of his home. The mere fact that Officer Kuhnert followed the defendant into his house and waited at the base of the stairway while the defendant finished his telephone conversation does not change this fact. An officer may accompany the arrestee into his home in order to monitor his activities, after an arrest has been made. (*Washington v. Chrisman* (1982), 455 U.S. 1, 70 L. Ed. 2d 778, 102 S. Ct. 812.) Accordingly, the defendant's claim that his fourth amendment rights were violated is not supported by the record.

For the reasons stated, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.