THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SARAH A. JEBELIAN, Defendant-Appellee.

Third District   Nos. 3—89—0753, 3—90—0063 cons.

Opinion filed September 25, 1990.

Marc Bernabei, State's Attorney, of Princeton, and John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of Ottawa, for the People.

Sarah A. Jebelian, of Princeton, appellee *pro se.*

JUSTICE GORMAN delivered the opinion of the court:

The defendant, Sarah A. Jebelian, moved to rescind the statutory summary suspension of her driver's license and to suppress evidence against her. The trial court granted both motions. The State appeals.

The record shows that at the hearing on the petition to rescind the statutory summary suspension, Lyle May testified that he was 87 years old and lived in the Princeton high-rise. On the evening of October 3, 1989, the defendant came to his apartment. May talked with her for 10 or 15 minutes. In his opinion, she was not intoxicated. After they went outside, a police officer began talking with the defendant. The officer asked her to walk a straight line. May believed the defendant adequately performed the test. The officer nonetheless handcuffed her.

The 50-year-old defendant testified that on the evening in question she double-parked near the high-rise, turned off the car, and left the keys in the ignition. She then went inside the building for five minutes. When she returned, she saw a police car parked behind her vehicle. She asked the officer if he was going to arrest her. He then grabbed her, threw her against the car, and handcuffed her. A short while later, he briefly removed the handcuffs and then put them on again. As he placed her in the squad car, she hit her head and passed out.

The defendant further testified that after they arrived at the police station, the officer twice pushed her back into the car. She was not booked until 7 a.m. the next day. After she was released at noon

of that day, she went to the hospital and had a blood test taken. According to a medical record entered into evidence, the test did not reveal any alcohol in her bloodstream.

Officer Raymond Kuhnert testified that he had performed 20 to 40 arrests for driving under the influence of alcohol. On the night of the incident, he was on patrol when two young men flagged him down. They told him that a gray car with license number FS 2353 was driving erratically and had run two cars off the road. They described the driver as a silver-haired woman in her late forties. The officer proceeded to look for the car. A few minutes later, the two men told him that the car was double-parked next to the high-rise.

The officer testified that he found a car matching the description double-parked near the high-rise. The car was unoccupied and running, so he turned it off and took the keys out of the ignition. The defendant then approached him and asked what he was doing with her car. He recognized her from some previous investigations. He noted that she swayed slightly as she walked and that when he asked for her driver's license, she fumbled through her purse and dropped several items. As she gave him her license, he also detected the odor of alcohol on her breath.

The officer testified that he asked the defendant to perform the horizontal gaze nystagmus test. She attempted the test three times, but each time turned her head to look at the pen instead of following it with her eyes. In his opinion, she did not understand the directions for the test. He then arrested her for driving under the influence of alcohol.

The officer stated that he drove the defendant to the jail. After he gave her the standard motorist's warning, she refused to take a breathalyzer test.

The trial court found that the arrest was based on a citizen's tip, the odor of alcohol on the defendant, and the defendant's swaying as she walked. It further found that when the officer arrested the defendant he was primarily acting on the basis of his previous encounters with her. The court concluded that the officer lacked probable cause to make the arrest. It therefore rescinded the statutory summary suspension. The defendant later filed a motion to suppress the officer's observations following the improper arrest. The trial court granted that motion as well.

On appeal, the State contends that the officer had probable cause to make the arrest. Consequently, it contends that the trial court erred in rescinding the statutory summary suspension and suppressing the evidence.

■■ ■ Probable cause for an arrest exists where the facts within the arresting officer's knowledge would warrant a man of reasonable caution to believe that the arrestee has committed or is committing an offense. (*People v. Lippert* (1982), 89 Ill. 2d 171, 432 N.E.2d 605.) In determining whether probable cause exists, an officer may rely on a private citizen's tip without independently verifying the citizen's reliability. (*People v. Sain* (1984), 122 Ill. App. 3d 646, 461 N.E.2d 1043.) The officer's prior experience is also relevant. (See *People v. Smith* (1983), 95 Ill. 2d 412, 447 N.E.2d 809.) The determination of probable cause rests on the totality of the circumstances (*People v. Tisler* (1984), 103 Ill. 2d 226, 469 N.E.2d 147), and a trial court's finding in this regard will not be disturbed on review unless it was manifestly erroneous (see *People v. Ross* (1985), 133 Ill. App. 3d 66, 478 N.E.2d 575).

■■ ■ In making its decision, the trial court accepted the officer's version of the events in question. Officer Kuhnert stated that two citizens informed him that the defendant had been driving erratically. He then located her car, which was double-parked with the engine running. He noted that the defendant swayed slightly as she walked, dropped some objects while producing her license, and smelled of alcohol. She was also unable to follow the directions to perform the horizontal gaze nystagmus test. We recognize that the horizontal gaze nystagmus test has been criticized and is not evidence, but the officer's observation of the defendant's inability to follow directions is probative and properly admissible. We find the foregoing evidence established probable cause to make the arrest. (See *People v. Wolff* (1989), 182 Ill. App. 3d 583, 538 N.E.2d 610.) Accordingly, we reverse the trial court's orders rescinding the statutory summary suspension and suppressing the evidence.

The judgment of the circuit court of Bureau County is reversed, and the cause is remanded for further proceedings consistent with our findings.

Reversed and remanded.

SCOTT and BARRY, JJ., concur.