THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT W. WIEBLER, Defendant-Appellant.

Third District   No. 3—94—0038

Opinion filed September 1, 1994.

Mark A. Rose, of Hatcher & Rose, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Following a bench trial, the defendant, Scott W. Wiebler, was convicted of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2)) and various other traffic offenses. He was placed on 18 months' probation and was ordered to serve 60 days in the Peoria County jail.

The defendant raises two issues in his appeal of his DUI conviction: (1) whether the trial court erred in admitting evidence regarding the horizontal gaze nystagmus (HGN) testing of the defendant; and (2) whether he was proved guilty of DUI beyond a reasonable doubt. For reasons which follow, we affirm.

At trial, the State's case consisted of the testimony of Greg Metz, a Peoria police officer. Metz testified that on August 1, 1992, at 4:26 p.m., he observed the defendant riding a motorcycle. The defendant stopped at an intersection in fairly heavy traffic, "popped a wheelie," and accelerated quickly in relation to the other traffic. The defendant then proceeded to make a left turn without signalling, and Officer Metz pulled him over.

Upon approaching the defendant, the officer observed the defendant was not wearing any protective eyewear. According to Metz, the defendant had a flushed face, bloodshot eyes, slurred speech, and was swaying slightly as he stood. Metz also noticed a very strong odor of alcohol on the defendant's breath. As a consequence, the officer asked the defendant to perform the HGN field sobriety test. Metz testified he had attended a three-day course on field sobriety tests, including the HGN test. As part of this course, Metz participated in practice HGN testing. Metz also took and passed a written examination on testing procedures. Metz further testified he had given the HGN test in over 150 other DUI stops. Metz also described how he conducted the defendant's HGN test.

Based on the results of the HGN test, as well as his observations of the defendant, Metz concluded the defendant was driving under the influence of alcohol. Metz issued the defendant a copy of the warning to motorists and read the warning to him.

At his trial, the defendant presented testimony that on the day in question he had been working at a charity fund-raiser at Walters Brothers Harley-Davidson in Peoria. During the fund-raiser, the defendant spent most of the day behind the counter selling parts. He also spent some time in a charity dunk tank and cooked food on a charcoal roaster.

The defendant admitted that during the day he drank two beers. The defendant claimed he was not intoxicated. Wayne Wiebler, the defendant's father and employer at Walters Brothers Harley-Davidson, testified that his son did not appear to be intoxicated.

Frank Serrano, an off-duty Peoria police officer, testified he attended the charity fund-raiser. Serrano stated that, in his opinion, the defendant was not intoxicated. Serrano further testified that the defendant's normal speech pattern was slow, deliberate, and hard to understand at times.

After hearing the evidence, the trial court found the defendant guilty of DUI. The defendant filed a timely notice of appeal.

The defendant argues the trial court erred in admitting the evidence concerning the HGN field sobriety test. In support of his argument, the defendant cites our opinion in *People v. Jebelian* (1990), 204 Ill. App. 3d 11, 561 N.E.2d 1079. The defendant asserts that this court held in *Jebelian* that HGN testing was inadmissible as evidence of a defendant's intoxication because the test lacked general acceptance in the scientific community. We disagree with the defendant's analysis of our holding in *Jebelian*.

In *Jebelian*, the defendant did not understand the HGN test directions and failed to properly perform the test. Consequently, there were no test results to be admitted into evidence in that case. Accordingly, the issue of the admissibility of the results of the HGN testing was not before this court. In *dicta*, we stated that we recognized that "the [HGN] test has been criticized and is not evidence." (*Jebelian*, 204 Ill. App. 3d at 14, 561 N.E.2d at 1081.) However, we concluded that the officer's observation of the defendant's inability to follow the test directions was probative evidence and admissible. *Jebelian*, 204 Ill. App. 3d at 14, 561 N.E.2d at 1081.

A careful review of our holding in *Jebelian* reveals that this court was not presented with and did not decide the question of whether the results of HGN testing are admissible as evidence of intoxication in a prosecution for DUI. However, after our decision in *Jebelian*, the court in *People v. Buening* (1992), 229 Ill. App. 3d 538, 592 N.E.2d 1222, did address this issue.

In *Buening*, the court noted that the issue was one of first impression in Illinois. The court then provided a detailed analysis of

the issue of the admissibility of evidence regarding the administration of the HGN test. This analysis included a description of the HGN test. (*Buening*, 229 Ill. App. 3d at 538-39, 592 N.E.2d at 1223.) The *Buening* court also provided a comprehensive discussion of Illinois case law which had addressed related issues regarding the HGN test and case law from other jurisdictions concerning the admissibility of evidence regarding the HGN test. *Buening*, 229 Ill. App. 3d at 540-45, 592 N.E.2d at 1224-27.

Following this extensive analysis, the court in *Buening* held that "HGN test results are admissible, *as is any other evidence of a defendant's behavior*, to prove that the defendant is under the influence of alcohol, provided a proper foundation has been laid." (Emphasis added.) (*Buening*, 229 Ill. App. 3d at 546, 592 N.E.2d at 1227-28.) The court noted that a proper foundation should consist of "describing the officer's education and experience in administering the test and showing that the procedure was properly administered." *Buening*, 229 Ill. App. 3d at 546, 592 N.E.2d at 1227.

We find the reasoning of the *Buening* court persuasive. Accordingly, we hold that HGN test results are admissible in a prosecution for DUI. However, we emphasize that the results of a HGN test are *not* conclusive evidence of intoxication. This evidence is *only* to be considered as a factor, along with other evidence of the defendant's behavior, in the determination of whether the defendant is under the influence of alcohol.

■ Accordingly, in the instant case, we conclude that the HGN test results were properly admitted by the trial court. Moreover, we find that a proper foundation was laid for the admission of the test results. Metz testified regarding his education and experience in administering the test. He also testified regarding how the test was administered to the defendant. We conclude that Metz's testimony was sufficient to lay a proper foundation based on the standard set forth in *Buening*. *Buening*, 229 Ill. App. 3d at 546, 592 N.E.2d at 1227.

The defendant next argues that he was not proved guilty beyond a reasonable doubt. When the sufficiency of the evidence is questioned in a criminal case, the test to be employed on review is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) We will not reverse a criminal conviction unless the evidence "is so improbable or unsatisfactory as to raise a reasonable doubt of defendant's guilt." (*People v. Janik* (1989), 127 Ill. 2d 390, 402, 537 N.E.2d 756, 761.) A conviction for

driving under the influence of alcohol may be sustained based solely on the testimony of the arresting police officer (*People v. Fowler* (1981), 98 Ill. App. 3d 202, 204, 423 N.E.2d 1356, 1357), providing the testimony of the officer is sufficient to sustain the State's burden of proving the defendant guilty beyond a reasonable doubt (see *People v. Winfield* (1973), 15 Ill. App. 3d 688, 689-90, 304 N.E.2d 643).

In the case at hand, Officer Metz testified the defendant was driving in a reckless manner. The officer observed the defendant's eyes were bloodshot and his face was flushed. Additionally, Metz testified that the defendant's speech was slurred, he was staggering, and he strongly smelled of alcohol. After making these observations, the officer gave the defendant the HGN field sobriety test. The results of the test indicated to the officer that the defendant was intoxicated.

■ The defendant bases his argument on the fact that his witnesses provided innocent explanations for his slurred speech, bloodshot eyes and flushed face. However, it was for the trial court, as trier of fact, to determine what inferences were to be drawn from the evidence. (*People v. Niemiro* (1993), 256 Ill. App. 3d 904, 911-12, 628 N.E.2d 212, 218.) Accordingly, the trial court could properly determine that the defendant's slurred speech, bloodshot eyes and flushed face were, in fact, signs of intoxication. After viewing all the evidence in the light most favorable to the prosecution, we are unable to say the evidence was so improbable or unsatisfactory as to raise a reasonable doubt of the defendant's guilt.

For the reasons indicated, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER, P.J., and STOUDER, J., concur.