THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH CROCKER, Defendant-Appellant.

Third District    No. 3—93—0989

Opinion filed October 14, 1994.

Michael C. Rolinski, of Ostling, Ensign, Barry & Glen, of Bloomington, for appellant.

Donald D. Knuckey, State's Attorney, of Lacon (John X. Breslin and William L. Browers, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Joseph Crocker, was arrested for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1992)). After the defendant refused to submit to a breathalyzer test, his driver's license was summarily suspended. The defendant filed a petition to rescind the suspension. Following a hearing, the trial court denied the petition. The defendant appeals. We affirm the trial court's decision.

During the hearing on the petition, City of Toluca police officer Terry Cooper testified that at about 2:30 a.m. on October 3, 1993, he observed a vehicle parked along the side of Illinois State Highway Route 17 (Rt. 17). Officer Cooper was returning to Toluca from the Marshall County sheriff's office in Lacon. He was being followed by Marshall County Deputy Edward Jauch. Deputy Jauch stopped to examine the parked car while Officer Cooper continued driving toward Toluca on Rt. 17. A few minutes later, Officer Cooper radioed Deputy Jauch that he had spotted a man walking east along Rt. 17. Officer Cooper testified that Deputy Jauch then asked him to stop the individual and find out if the vehicle parked along Rt. 17 belonged to him. Officer Cooper complied with Deputy Jauch's request and stopped to talk with the man who was still walking along the highway. Officer Cooper also indicated that he wanted to see if the individual needed a ride.

Deputy Jauch saw Officer Cooper and the defendant near the side of Rt. 17 about two minutes later. He parked his squad car and walked to where the two men were talking. Deputy Jauch saw that the defendant's face was bloody, his speech was slurred and he smelled strongly of alcohol. The defendant told Jauch that he had consumed two beers. After ascertaining that the parked car belonged to the defendant, Deputy Jauch asked the defendant to perform a field sobriety test. The defendant consented and performed three tests at the deputy's direction. The deputy said the defendant failed the one-leg-stand test and the walk-and-turn test. While the defendant passed the finger-to-nose test, he did so only after repeated instruction from the deputy. Deputy Jauch then arrested the defendant for DUI.

After being taken to the Marshall County jail, Jauch advised the defendant of his *Miranda* rights and read him the standard warning to motorists. Jauch then asked the defendant to take a breathalyzer test. The defendant refused all chemical testing. The defendant's driver's license was suspended pursuant to section 11—501.1 of the Illinois Vehicle Code (625 ILCS 5/11—501.1(d), (e) (West 1992)).

At the hearing on the defendant's petition for rescission, the defendant argued that the statutory summary suspension should be rescinded because Officer Cooper's stop was improper. He contended there was no legal basis for the stop and that it occurred outside Officer Cooper's jurisdiction. The trial court denied the defendant's petition. The court found that Officer Cooper had a right to ask the defendant questions and that the officer was not there for the purpose of a stop or arrest. The court also found the facts of the case did not lend themselves to a jurisdictional argument. On appeal, the defendant argues the trial court's analysis was erroneous. We do not agree.

The propriety of the underlying stop may be considered in a statutory summary suspension hearing. (*People v. Safiran* (1992), 229 Ill. App. 3d 639, 640, 593 N.E.2d 1027.) However, the burden is on the motorist to prove that the summary suspension of his driver's license should be rescinded. (*People v. Orth* (1988), 124 Ill. 2d 326, 337-38, 530 N.E.2d 210.) A reviewing court will not disturb a trial court's finding on a petition to rescind unless it is manifestly erroneous. *Safiran*, 229 Ill. App. 3d at 641.

Based upon this standard, we will first review the defendant's contention that his suspension should be rescinded because Officer Cooper's actions amounted to an improper stop pursuant to *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868. There is no dispute that the defendant's vehicle was properly parked off the highway and he was walking on the proper side of Rt. 17. Based on these facts, the defendant contends there was no basis for Officer Cooper to stop him and ask questions. We disagree.

A "seizure" which implicates the fourth amendment occurs only when a person's freedom of movement is restrained by means of physical force or a show of authority. (*People v. Murray* (1990), 137 Ill. 2d 382, 388, 560 N.E.2d 309, quoting *United States v. Mendenhall* (1980), 446 U.S. 544, 553, 64 L. Ed. 2d 497, 509, 100 S. Ct. 1870, 1877.) Such a seizure has occurred " 'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " *Murray*, 137 Ill. 2d at 389, quoting *Mendenhall*, 446 U.S. at 554, 64 L. Ed. 2d at 509, 100 S. Ct. at 1877.

It is well settled that law enforcement officers do not violate the fourth amendment by merely approaching an individual on the street or in another public place and putting questions to him if the person is willing to listen. (*Florida v. Royer* (1983), 460 U.S. 491, 497, 75 L. Ed. 2d 229, 236, 103 S. Ct. 1319, 1324; *People v. Scott* (1993), 249 Ill. App. 3d 597, 602-03, 619 N.E.2d 809.) In this type of situation, the police officer is engaging in what is commonly known as the "community caretaking" function or "public safety" function. (*Murray*, 137 Ill. 2d at 387-88, quoting *Cady v. Dombrowski* (1973), 413 U.S. 433, 441, 37 L. Ed. 2d 706, 714-15, 93 S. Ct. 2523, 2528.) This type of police activity does not involve coercion or detention and does not involve a seizure under the fourth amendment. (*Murray*, 137 Ill. 2d at 387.) In the absence of a seizure, a defendant's fourth amendment rights are not implicated. *Scott*, 249 Ill. App. 3d at 602.

■ Based on our review of the record, we find the trial court did not err in concluding that Officer Cooper's actions did not constitute a "stop" or "seizure" pursuant to the fourth amendment. The facts

show that Officer Cooper exited his car, approached the defendant on foot, and inquired if the abandoned car belonged to him. The defendant testified that he continued walking after he saw Officer Cooper approach. The defendant was not restrained by Officer Cooper and was free to leave at that time. We agree with the trial court that no seizure occurred. Accordingly, Officer Cooper's actions did not implicate the defendant's fourth amendment rights.

■ We note that the defendant has not challenged any of the actions of Deputy Jauch. Jauch testified that the defendant's face was bloody, his speech was slurred and he smelled strongly of alcohol. Also, the defendant admitted to Jauch that the parked car belonged to him and that he had been drinking beer. The record reveals that the defendant failed two field sobriety tests. Based upon these facts, Jauch clearly had probable cause to arrest the defendant for DUI. See *Scott*, 249 Ill. App. 3d at 604.

■ Finally, the defendant argues that Officer Cooper was outside his jurisdiction and lacked authority to detain the defendant until Deputy Jauch arrived. The defendant relies upon *People v. Lahr* (1992), 147 Ill. 2d 379, 589 N.E.2d 539, in support of his position. In *Lahr*, our supreme court held that "an extraterritorial arrest will not be upheld if in making the arrest the officer uses the powers of his office to obtain evidence not available to private citizens." (*Lahr*, 147 Ill. 2d at 383.) We conclude that *Lahr* has no application to the facts of this case. It was Deputy Jauch, who was within his jurisdiction in Marshall County, who obtained the evidence and arrested the defendant. As a result, we agree with the trial court's conclusion that a jurisdictional argument did not exist.

In conclusion, we note that Officer Cooper did not do anything outside his jurisdiction that a private citizen could not have done. Certainly a private citizen can approach someone walking along a public highway in the early morning hours and ask if the car abandoned along the road belongs to the individual and if the person needs a ride.

For the reasons indicated, we affirm the decision of the circuit court of Marshall County.

Affirmed.

BARRY and LYTTON, JJ., concur.