THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLAYTON R. GOESTENKORS, Defendant-Appellant.

Fifth District   No. 5—94—0870

Opinion filed February 29, 1996.

Stephen Evans, of Armstrong Law Offices, of Edwardsville, for appellant.

Henry Bergmann, State's Attorney, of Carlyle (Norbert J. Goetten and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and J. Stephen Bennett, of Norris City, for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Clayton R. Goestenkors, appeals from the denial of

his petition to rescind the statutory summary suspension of his driving privileges. (625 ILCS 5/2—118.1, 11—501(c) (West 1992).) Defendant challenges the validity of the initial stop of his motorcycle, argues that the officer lacked probable cause to believe he was under the influence of alcohol, and asserts that the court erred in allowing the State to question defendant and a witness about defendant's consumption of alcohol prior to his arrest. We affirm.

On August 4, 1994, at about 10:30 p.m., defendant and a companion were riding their motorcycles northbound on Illinois Route 160 between New Baden and Trenton in Clinton County. Just north of New Baden, adjacent to the New Baden Auto Parts store, one of the riders came two to three feet across the center line into the southbound lane, about two or three vehicle lengths in front of the southbound patrol unit of New Baden police department patrolman Jim E. Arrington. Officer Arrington turned around, entered the northbound lane, and made a request for assistance from the Trenton police department. He pursued the northbound motorcycles, which were now out of sight, with the intention of at least issuing a warning for careless driving. He established visual contact with the motorcycles after about three miles of travel, turned on his Mars lights when he was a considerable distance from Trenton, and saw what later proved to be defendant's cycle cross the center line, just south of the railroad tracks on Route 160 in Trenton. The cyclists stopped and Officer Arrington requested defendant's license and registration.

Defendant was slow to comply with the requests. His breath had the strong odor of an alcoholic beverage, he moved slowly, his speech was mumbled and slurred, and his eyes were red and glassy. The officer observed that defendant's jeans were wet from the knees down, and defendant complained of being cold and wet. Defendant was unable to recite the alphabet in order. He stopped at "v" and began over again, then confused the letters and ran them together, and finally just stopped reciting. He failed the one-leg-stand test because he swayed as he attempted to balance, put his foot down more than three times, raised his arms from his side, and stopped at seven seconds, rather than 20, as he was instructed. He refused to do the walk-and-turn test because he did not think he could do it, and he admitted that he had been drinking. He refused to take a breathalyzer test, prompting the suspension of his privilege to drive.

Elmer Strunk, a Trenton police officer, testified that he came to assist Officer Arrington after the cyclists were stopped. He recalled that the weather was clear and warm, rather than cold and rainy. The traffic citations for driving under the influence (DUI) indicate

that the roadway was wet but that the weather was clear at the time of defendant's arrest. When he walked by defendant at the Trenton police station, Officer Strunk detected a moderate odor of an alcoholic beverage about him from a distance of three or four feet.

Defendant's companion testified that he never saw defendant cross the center line, but he admitted that defendant was riding behind him at times, and thus he did not observe all of his riding on the night in question. He conceded, over defense counsel's objection to the questioning about alcohol consumption, that they had three beers that night, but he asserted that defendant was not under the influence of alcohol.

Defendant claimed that he was not drunk and that he was not aware of any time that he crossed the center line, but he admitted on cross-examination that he might have inadvertently done so and that he had been drinking beer that evening. He also maintained that he was asked to recite the alphabet only once, recited the alphabet properly up to the letter "v," and then slurred the remaining letters because he was cold. Defendant was unsure if he put his arms out during the one-leg-stand test, and he asserted that he refused to do the walk-and-turn test because he was too cold.

The court found that the evidence was sufficient to support the conclusion that Officer Arrington had an articulable suspicion that a crime was being committed which was sufficient to pull defendant over, that he had probable cause to believe that defendant was driving under the influence of alcohol and to arrest him, and that the summary suspension should not be rescinded. Defendant filed a motion to reconsider which alleged that the arresting officer lacked an articulable suspicion sufficient to justify an investigatory stop, that probable cause to arrest defendant for driving under the influence was lacking, and that the trial court erred when it allowed the State to elicit testimony from defendant about his alcohol consumption prior to the stop. On November 16, 1994, the defendant's motion to reconsider was denied, and defendant entered a plea of guilty to improper lane usage in exchange for the dismissal of the DUI charge against him. The charge to which he pleaded guilty was based on his act of driving over the center line into the oncoming traffic lane on Route 160 at the location of the New Baden Auto Parts store on August 4, 1994.

Defendant appeals the denial of his petition to rescind, alleging that Arrington did not have the requisite articulable suspicion to stop him and lacked probable cause to arrest him, and that the court erred when it allowed the State to question him about his prestop drinking. The State contends that defendant's guilty plea to improper

lane usage is a judicial admission which estops him from asserting on appeal that the stop was without basis when the basis for the stop was his act of driving in the wrong lane. We agree.

■ Defendant's plea of guilty to improper lane usage stands in diametric opposition to his assertion on appeal that the arresting officer lacked an articulable suspicion sufficient to warrant a traffic stop. The doctrine of judicial estoppel prevents a party from assuming a position in a legal proceeding inconsistent with one previously asserted. (*People v. Gayfield* (1994), 261 Ill. App. 3d 379, 385, 633 N.E.2d 919, 924.) Once having affirmed under oath that a particular statement of facts exists, a party may not later take an inconsistent position in a separate judicial proceeding and assert that the contrary is true. The law will not tolerate a party in a legal proceeding swearing under oath to the untruth of some matter and then swearing under oath to the truth of that same matter. (*Finley v. Kesling* (1982), 105 Ill. App. 3d 1, 9, 433 N.E.2d 1112, 1119.) In the past, courts have found that a plea of guilty to driving under the influence will effectively preclude a defendant from contending in a subsequent implied-consent proceeding that the arresting officer lacked probable cause to arrest him. See *People v. Lazzara* (1986), 145 Ill. App. 3d 677, 681, 495 N.E.2d 1144, 1146-47; *People v. Powell* (1982), 107 Ill. App. 3d 418, 419-20, 437 N.E.2d 1258, 1260.

The scenario presented in *People v. Hood* (1994), 265 Ill. App. 3d 232, 240-41, 638 N.E.2d 264, 270-71, is remarkably similar to the case at bar. Hood was stopped for speeding on his motorcycle, exhibited indicia of intoxication, and refused to submit to a breathalyzer test, and his license to drive was suspended. His petition to rescind the suspension was denied, he pleaded guilty to reckless driving, and he appealed the denial of his petition to rescind. On appeal, the court found that it could not resolve the issue of whether the guilty plea to reckless driving estopped defendant from asserting on appeal that the officer lacked reasonable suspicion of criminal activity to justify the stop of his motorcycle, because the record had not been supplemented to include his plea of guilty to reckless driving in the criminal proceeding. Under those circumstances, it declined to hold that such a plea estopped him from pursuing an appeal of the issues resolved in the proceeding to rescind the summary suspension, and the court went on to discuss the merits of the case. (*Hood*, 265 Ill. App. 3d at 241, 638 N.E.2d at 271.) The *Hood* court noted that "[u]sually the issue of estoppel is raised where the criminal proceedings are held *prior* to the hearing on the petition to rescind the summary suspension" (emphasis in original) and noted that the question of whether a subsequent plea of guilty in criminal proceedings estops a

defendant from appealing the decision of the court in an earlier implied-consent proceeding is a case of first impression. (*Hood*, 265 Ill. App. 3d at 240, 638 N.E.2d at 270-71.) We believe that defendant's plea of guilty to improper lane usage on November 16, 1994, prior to filing his December 15, 1994, notice of appeal from the denial of his motion to reconsider the denial of his petition to rescind, constitutes a judicial admission which precludes him from contesting the initial traffic stop.

In the instant case, unlike *Hood*, the State moved this court to take judicial notice of defendant's signed plea of guilty to improper lane usage and its underlying ticket, and we have granted the motion. The traffic citation, number 94-TR-1641, describes the location of defendant's improper lane usage as "Rt# 160 n/b at 'New Baden Auto Parts' (Route 160 northbound at New Baden Auto Parts)." We find that the plea of guilty is a judicial admission of the truth of the act as charged and that, having entered his plea, defendant is estopped from reverting to his preplea assertion that he did not cross the center line on Route 160 between New Baden and Trenton.

Even if we did not hold that defendant was estopped by the judicial admission entailed in his guilty plea, he would not prevail. A valid traffic stop may be made where the officer can articulate specific facts which, when taken with the rational inferences therefrom, reasonably warrant the stop of the defendant's vehicle. (*People v. Rotkvich* (1993), 256 Ill. App. 3d 124, 129, 628 N.E.2d 888, 892.) Erratic driving, such as crossing the center line, is sufficient to justify an investigatory stop. (*People v. Wolff* (1989), 182 Ill. App. 3d 583, 586, 538 N.E.2d 610, 612.) Defendant and his companion both testified that they did not believe that defendant crossed the center line, in contradiction to testimony by the arresting officer. Although the officer did not positively identify defendant as the driver of the motorcycle which crossed two or three feet into his lane about two or three car lengths in front of him on Route 160 just north of New Baden, he was positive that it was defendant who crossed the center line in Trenton, just south of the train tracks. Officer Arrington testified that he stopped defendant in Trenton because of that infraction, but he did not issue a citation to defendant for improper lane usage relating to the improper lane use at the tracks. The fact that he did not do so is not relevant to whether he had reasonable suspicion to make the stop which resulted in defendant's arrest for DUI. An officer need not charge a minor violation when, after a stop, he discovers a serious one. *Hood*, 265 Ill. App. 3d at 242, 638 N.E.2d at 272.

The trial court had the opportunity to assess the credibility of the witnesses at the rescission hearing and implicitly found the

testimony of the arresting officer to be more credible, when it determined that defendant failed to prove by a preponderance of the evidence that the officer lacked reasonable suspicion to make the initial traffic stop. Given that the trial court is in a far superior position to assess the credibility of witnesses and weigh the evidence than is a reviewing court, we cannot find the trial court's decision to be manifestly erroneous. *People v. Collins* (1985), 106 Ill. 2d 237, 261-62, 478 N.E.2d 267, 277.

■ Defendant also claims that the trial court erred in finding that the arresting officer had probable cause to believe that he was driving under the influence of alcohol, because he testified that he had no difficulty complying with the officer's requests for his driver's license and proof of insurance, successfully completed two field sobriety tests, and had a legitimate reason, his wet, chilled condition, for refusing to attempt the walk-and-turn test.

The burden of proof in rescission hearings is on the petitioner, and the circuit court's determination of whether the petitioner met that burden of proof by a preponderance of the evidence will not be reversed unless it is manifestly erroneous. (*People v. Easterly* (1994), 264 Ill. App. 3d 233, 234, 636 N.E.2d 1182, 1183.) A *prima facie* case for rescission may be established by presenting credible testimony by the motorist that he was not in fact under the influence of alcohol. (*People v. Kuntz* (1993), 239 Ill. App. 3d 587, 591, 607 N.E.2d 313, 316.) The court must, however, determine that the testimony is actually credible. (*People v. Graney* (1992), 234 Ill. App. 3d 497, 504, 599 N.E.2d 574, 580.) Even if the court did determine that the defendant's testimony was sufficient to establish a *prima facie* case for rescission, it is implicit in the court's denial of his petition that it found the arresting officer's testimony about the indicia of intoxication demonstrated by defendant to be more credible than that of the defendant and sufficient to rebut defendant's case.

Officer Arrington testified that defendant smelled strongly of the odor of an alcoholic beverage, mumbled and slurred his words, had red, glassy eyes, had difficulty producing documents when asked to do so, and failed two field sobriety tests before refusing to even try a third because he was cold and wet. Moreover, defendant told the officer that he "only had a few beers, but he was fine." Officer Strunk testified that the odor of an alcoholic beverage on defendant's breath was detectable from a distance of three or four feet. These symptoms have repeatedly been held to be indicia of intoxication adequate to support an arrest for driving under the influence of alcohol. (*E.g., People v. Crocker* (1994), 267 Ill. App. 3d 343, 346, 641 N.E.2d 1237, 1238-39 (slurred speech, strong odor of alcohol, failed two field

sobriety tests); *People v. Wiebler* (1994), 266 Ill. App. 3d 336, 340, 640 N.E.2d 24, 25-26 (flushed face, bloodshot eyes, slurred speech, slight swaying, very strong odor of an alcoholic beverage).) The trial court properly concluded that the State's evidence was sufficient to establish probable cause for defendant's arrest.

■ Defendant last contends that the trial court erred when it permitted the State to elicit testimony from the defendant, over counsel's objections, about his consumption of alcohol prior to his arrest. He does not contend on appeal, as he did below, that the question was outside the scope of his direct examination, but he asserts it was not relevant to the issues raised in his petition to rescind. He also maintains that the fact that defendant had been drinking prior to the stop was outside the knowledge of the officer at the time of the stop and thus should not have been considered by the court when determining the issues raised in the rescission hearing. Defendant seeks a remand for a hearing on his petition without the introduction of such evidence.

The State argues that the questions were proper because the testimony about defendant's alcohol consumption prior to the stop was used only to evaluate conflicting testimony about whether defendant had alcohol on his breath.

Counsel objected to the inquiry because it was outside the scope of his direct examination of defendant, as he had in objecting to the same questioning on cross-examination of defendant's companion. The State argued in regard to the objection about cross-examination of defendant's companion that the question was a proper exploration of the companion's ability to observe at the time of the arrest and to assess the witness' credibility. Counsel then objected to cross-examination of the witness because he believed that the questions were unrelated to what the officer observed at the time of the arrest. The court overruled the objection to the cross-examination of the witness, stating that the activity of the men prior to the stop had an impact on what occurred later. The court overruled, without explanation, the objection to the cross-examination of defendant.

The supreme court has held that the latitude to be allowed in the cross-examination of the witnesses rests largely in the discretion of the trial court, and it is only in a case of a clear abuse of such discretion, resulting in manifest prejudice to the defendant, that a reviewing court will interfere. (*People v. Peeples* (1993), 155 Ill. 2d 422, 492, 616 N.E.2d 294, 327.) On direct examination, counsel asked defendant's companion if he noticed any odor of alcoholic beverage about defendant as he stood next to him, and the witness made a negative reply. The State's question on cross-examination about the men's

alcohol consumption was a legitimate response to this question, given that the officer smelled a strong odor of an alcoholic beverage on defendant and had noted this on the officer's sworn report. It was therefore not an impermissible inquiry, and the court properly overruled counsel's objection. The court's reference to the defendant's admission that he had drunk beer prior to his arrest was in the context of substantiation for the officers' detection of the odor of an alcoholic beverage on his breath, as opposed to justification for the initial stop.

We note that counsel did not object to Officer Arrington's repetition of defendant's assertion at the time he failed the field sobriety tests to the effect that he "only had a few beers, but he was fine," did not include it as an alleged error in his motion for reconsideration, and does not challenge the repetition of the statement on appeal. The information about defendant's alcohol consumption was before the court in an unobjected-to context, and we cannot find that the State's questions on cross-examination were ones which resulted in manifest prejudice to the defendant or unduly influenced the court.

The denial of defendant's petition seeking rescission of the statutory summary suspension of his license to drive is affirmed.

Affirmed.

HOPKINS, P.J., and GOLDENHERSH, J., concur.