NO. 4-96-0551

                                    

                         IN THE APPELLATE COURT

                                    

                               OF ILLINOIS

                                    

                             FOURTH DISTRICT

     

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from

          Plaintiff-Appellee,           )    Circuit Court of    

          v.                            )    Edgar County

JAMES PLUMMER,                          )    No. 96DT27

          Defendant-Appellant.          )    

                                        )    Honorable

                                        )    H. Dean Andrews,

                                        )    Judge Presiding.

_________________________________________________________________

          JUSTICE GARMAN delivered the opinion of the court: 

          Defendant James Plummer appeals an order of the circuit

court of Edgar County denying his petition to rescind the statutory

summary suspension of his driver's license arising out of his

arrest for driving under the influence (DUI) (625 ILCS 5/11-

501(a)(2) (West 1994)).  He contends the arrest was improper

because it was made outside the arresting officer's jurisdiction

and the officer used the power of his office to obtain evidence not

available to private citizens.  We disagree and affirm.

          On April 7, 1996, at approximately 3:30 a.m., Deputy Troy

Wesley of the Clark County sheriff's department was on duty.  He

was returning to Clark County after delivering a report to the

Edgar County sheriff's department in Paris, Illinois.  As he

traveled south on Route 1 in Edgar County, he observed defendant's

vehicle being driven erratically.  The vehicle swerved in its lane,

crossed the centerline twice, and veered off the right shoulder

twice (nearly entering onto the grassy part of the shoulder both

times).  Wesley radioed the Clark County sheriff for a backup from

Edgar County, and the Clark County sheriff's department contacted

the Edgar County sheriff.  Wesley then activated his emergency

lights and defendant pulled over to the side of the road.

          Wesley was in a marked squad car and in uniform.  He

approached defendant's vehicle and asked defendant to produce his

driver's license and registration.  Defendant complied.  Wesley

detected a moderate odor of alcohol on defendant's breath and asked

him if he had been drinking alcohol.  Defendant replied, "[A]

couple."  Several minutes after the traffic stop, Deputy St. Clair

of the Edgar County sheriff's department arrived.  After St.

Clair's arrival, Wesley conducted field-sobriety tests on defen-

dant.  St. Clair stood nearby but did not participate in conducting

the tests.  Wesley concluded that defendant failed the sobriety

tests and placed defendant under arrest for DUI.  St. Clair was

present at the time of the arrest.

          Defendant was handcuffed, placed in Wesley's car, and

transported to the Edgar County jail.  There was no particular

reason to use Wesley's car rather than St. Clair's.  When they

arrived, the officers discussed giving defendant a breathalyzer

test.  St. Clair asked if Wesley was a certified operator and he

replied affirmatively.  St. Clair asked Wesley to conduct the 

test, as his certification had recently expired and there was no

one available at the jail certified to operate the breathalyzer. 

Following the appropriate warnings, defendant agreed to take the

test.  The result showed an alcohol concentration of 0.13.  All the

paperwork was done by Wesley except the two tickets, which were

filled out by St. Clair.  Defendant received immediate notice of

the statutory summary suspension of his driver's license.  See 625

ILCS 5/11-501.1(f) (West 1994).

          On May 9, 1996, defendant filed a petition to rescind his

statutory summary suspension.  On June 6, 1996, defendant filed a

memorandum of law in support of the petition.  The memorandum

argued Wesley was limited to making an arrest as a private citizen

because he was outside his jurisdiction and that he went beyond

that limit by using resources unavailable to private citizens in

making the arrest.  Thus, the arrest was improper.

          On June 14, 1996, the trial court denied defendant's

petition and held the arrest was proper.  This timely appeal

followed.

          Defendant's arguments on appeal are essentially the same

contentions presented at the trial court.  He claims his arrest was

improper because Wesley was outside his jurisdiction and he used

the power of his office to obtain evidence not available to private

citizens.  Specifically, defendant points to Wesley's use of

emergency lights, his conducting field-sobriety tests, and his

administering a breathalyzer to acquire evidence of DUI.  There-

fore, defendant asserts, because the underlying arrest was invalid

and a valid arrest is required to suspend his driver's license, the

statutory summary suspension should be rescinded.

          We first address the applicable standard of review.  A

summary suspension hearing is a civil action in which the burden of

proof rests on the motorist.  People v. Orth, 124 Ill. 2d 326, 337-

38, 530 N.E.2d 210, 215 (1988); People v. Adams, 225 Ill. App. 3d

815, 817, 587 N.E.2d 592, 594 (1992).  Further, the trial court's

determination in a rescission proceeding will not be overturned

unless it is manifestly erroneous.  People v. Crocker, 267 Ill.

App. 3d 343, 345, 641 N.E.2d 1237, 1239 (1994).

          At common law, a municipal or county police officer had

no authority to arrest outside his jurisdiction unless he was in

fresh pursuit of a defendant fleeing his jurisdiction.  People v.

Lahr, 147 Ill. 2d 379, 382, 589 N.E.2d 539, 540 (1992).  This rule

has been modified by section 107-3 of the Code of Criminal

Procedure of 1963, which provides:  "Any person may arrest another

when he has reasonable grounds to believe that an offense other

than an ordinance violation is being committed."  725 ILCS 5/107-3

(West 1994).  Thus, a police officer outside his jurisdiction can

make a warrantless arrest in the same situation as an ordinary

citizen.  People v. Niedzwiedz, 268 Ill. App. 3d 119, 122, 644

N.E.2d 53, 55 (1994).  However, in those situations, a police

officer's right to arrest is not greater than that of a private

citizen.  An extraterritorial arrest will not be upheld if, in

making the arrest, the officer uses the power of his office to

obtain evidence not available to private citizens.  Lahr, 147 Ill.

2d at 382-83, 589 N.E.2d at 540.

          In Lahr, the supreme court upheld the quash of an arrest

made by an officer who utilized a radar gun to detect speeding

motorists outside the officer's jurisdiction.  According to the

court, the use of the radar gun removed the arrest from the purview

of the citizen's arrest statute because a private citizen is not

typically armed with a radar gun.  Therefore, because the officer

used the power of his office (access to a radar gun) to obtain

evidence unavailable to a private citizen, the arrest did not

qualify as a citizen's arrest.  Lahr, 147 Ill. 2d at 386-87, 589

N.E.2d at 542.

          Defendant maintains Lahr is directly applicable to the

present case.  We disagree.  There is no question that the

emergency lights, field-sobriety tests, and breathalyzer test are

resources available to Wesley in his official capacity as a deputy

and were used to obtain evidence of DUI.  There is also no question

that these resources are generally unavailable to private citizens. 

However, unlike Lahr, where the police officer stopped the

defendant based upon evidence obtained through the power of his

office (using a radar gun), Wesley stopped defendant based upon

evidence he acquired through his own eyes--he observed defendant

driving erratically.  This evidence, available to any private

citizen and not obtained through his official capacity as a deputy,

provided Wesley with reasonable grounds to stop defendant.

          Furthermore, evidence acquired through the power of

Wesley's office after the initial stop (sobriety tests and

breathalyzer test) did not render the arrest improper.  When a

police officer outside his jurisdiction conducts a valid traffic

stop based upon evidence obtained through his observations, the

subsequent use of his power as an officer to acquire further

evidence not available to a private citizen does not invalidate an

arrest.  See People v. Gutt, 267 Ill. App. 3d 95, 640 N.E.2d 1013

(1994) (extraterritorial arrest for DUI based upon breathalyzer

test was not improper, where officer stopped defendant after

observing him make a left turn without signaling); People v.

Gupton, 139 Ill. App. 3d 530, 487 N.E.2d 1060 (1985) (extraterrito-

rial arrest for DUI based upon sobriety tests and breathalyzer test

was not invalid where officer stopped defendant after observing him

swerving); People v. Rowe, 128 Ill. App. 3d 721, 471 N.E.2d 578

(1984) (extraterritorial arrest for DUI based upon breathalyzer

test and statements made by defendant was not invalid where

officers stopped defendant after observing him swerving).

          For these reasons, we find defendant's arrest for DUI was

not improper.  Therefore, we hold the trial court's decision to

deny defendant's petition to rescind the statutory summary

suspension of his driver's license was not manifestly erroneous. 

Accordingly, we affirm the judgment of the circuit court of Edgar

County.

          Affirmed.

          STEIGMANN, P.J., and COOK, J., concur.