# Illinois Official Reports

## Appellate Court

*People v. Williams*, 2017 IL App (3d) 150879

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS J. WILLIAMS, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-15-0879 |
| Filed | February 22, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 15-DT-186, 15-TR-9913; the Hon. Kenneth L. Zelazo, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James Glasgow, State's Attorney, of Joliet (Richard T. Leonard (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Ted P. Hammel (argued), of Hammel Law Offices, P.C., and Frank P. Andreano, of Andreano & Lyons Attorney at Law, both of Joliet, for appellee. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Presiding Justice Holdridge and Justice Schmidt concurred in the judgment and opinion. |

¶ 1 The State appeals from an order granting defendant's motion to quash his arrest for driving under the influence of alcohol (DUI) by a Lockport police officer, acting within his jurisdiction, after an off-duty Palos Hills police officer placed defendant in custody for improper lane usage. During the hearing on the motion to quash arrest and suppress evidence, the off-duty Palos Hills police officer testified that he witnessed defendant driving erratically outside the officer's jurisdiction and stopped defendant for improper lane usage. However, since the off-duty Palos Hills police officer initially measured defendant's speed with a radar gun before witnessing the improper lane violation, the court quashed defendant's arrest for DUI as a product of the invalid citizen's arrest by the off-duty Palos Hills police officer. We reverse and remand for further proceedings.

¶ 2                                                    FACTS

¶ 3 On February 7, 2015, an on-duty Lockport police officer conducted an independent investigation of a complaint concerning defendant's erratic driving and improper lane usage in that jurisdiction. Defendant, Thomas Williams, received citations from the Lockport police officer for two counts of DUI (625 ILCS 5/11-501(a) (West 2014)) in case No. 15-DT-186 and one count of speeding (625 ILCS 5/11-601(b) (West 2014)) in case No. 15-TR-9913.[1]

¶ 4 On April 14, 2015, defendant filed a motion to quash his arrest in case No. 15-DT-186. In his motion, defendant argued that the off-duty Palos Hills police officer, who initially stopped him, did not have the jurisdictional authority to place him in custody while waiting for the Lockport police officer to arrive.

¶ 5 On August 12, 2015, the court held a hearing on defendant's motion to quash. The off-duty Palos Hills police officer testified that he was driving southbound on MacGregor Road coming from 151st Street in Lockport, Illinois, at approximately 3:00 a.m. on February 7, 2015. The off-duty Palos Hills police officer advised the court that he had 10 years experience as an officer.

¶ 6 According to the off-duty Palos Hills police officer, he was heading to his home in Lockport, Illinois, that morning after his shift ended with the Palo Hills police department. The officer was driving an unmarked police car that contained a radar gun and Mars lights. He was wearing a full police uniform and was armed with a firearm.

¶ 7 While driving southbound on MacGregor Road, a two-way residential street, the off-duty Palos Hills police officer encountered an oncoming vehicle that he could see was speeding above the posted 25-miles-per-hour speed limit. According to the off-duty Palos Hills police officer, the vehicle, later determined to be driven by defendant, was rapidly closing the distance between defendant's vehicle and the unmarked squad car.

¶ 8 The off-duty Palos Hills police officer testified that after visually determining defendant was speeding, he glanced at his dash-mounted radar system that he had not turned off at the end

---

[1]Defendant did not file a motion to quash his arrest in case No. 15-TR-9913. However, the State concedes it must dismiss defendant's speeding ticket because the officer who observed defendant speeding used powers of his office that are unavailable to ordinary citizens to obtain this evidence.

of his shift. According to the officer, the radar system measured defendant's speed at 60 miles per hour in the posted 25-miles-per-hour zone.

¶ 9    As the two vehicles approached and then passed each other traveling in opposite directions, defendant's vehicle veered into the oncoming lane of traffic. The off-duty Palos Hills police officer swerved off the road to avoid colliding with defendant's vehicle. After this evasive maneuver, the off-duty Palos Hills police officer called 911 on his personal cellular phone to report the reckless driver.

¶ 10    After reporting the incident, the off-duty Palos Hills police officer made a U-turn and maintained sight of defendant's vehicle. The off-duty Palos Hills police officer relayed this information about the direction of travel of defendant's vehicle to the dispatcher by using his personal cellular phone as he followed defendant's vehicle.

¶ 11    Shortly thereafter, defendant parked his vehicle in a driveway on Reef Road. Again, the off-duty Palos Hills police officer provided the dispatcher with updated information about where defendant stopped.

¶ 12    After parking his squad car on the street, the off-duty Palos Hills police officer began walking toward the driveway. The officer testified that he saw defendant leave defendant's vehicle and begin walking toward the home at that address. The off-duty Palos Hills police officer initiated a conversation with defendant by telling defendant he almost struck the officer's vehicle on MacGregor Road.

¶ 13    The officer asked defendant if he lived at that address. Defendant said it was a friend's house and he did not live there. At some point during the conversation, the officer told defendant he was an off-duty police officer and was on his way home. The off-duty Palos Hills police officer asked defendant if he had a driver's license and told defendant not to go anywhere until the Lockport police officer arrived.

¶ 14    According to the off-duty Palos Hills police officer, defendant was very cooperative. When asked if defendant had been drinking, defendant replied he had been consuming alcohol at Paradise Bay. The off-duty Palos Hills police officer and defendant waited together at the base of the driveway until the Lockport police officer arrived. The off-duty Palos Hills police officer did not perform any type of sobriety test on defendant.

¶ 15    The Lockport police officer arrived about 10 minutes after the first 911 call. The off-duty Palos Hills police officer spoke to the Lockport police officer and described his observations of defendant's erratic driving. Subsequently, the Lockport police officer performed sobriety tests on defendant, placed defendant under arrest for DUI, and issued defendant three traffic citations. The Lockport police officer completed a sworn report providing the grounds for defendant's DUI arrest, which stated: "Report of erratic driving, improper lane usage, slurred speech, bloodshot eyes, failure to complete one leg stand test, [and] failure to complete walk and turn test."

¶ 16    The off-duty Palos Hills police officer testified that the locations where he observed defendant commit the traffic offenses and where he stopped defendant were both outside of his jurisdiction. Palos Hills is located in Cook County, whereas Lockport is located in Will County, Illinois.

¶ 17    After the conclusion of the parties' arguments, the court continued the matter to September 21, 2015, for the purpose of allowing the parties to submit case law in support of their positions. On September 21, 2015, the court announced its findings.

¶ 18    The court noted it was undisputed that the Palos Hills police officer was off duty and outside of his jurisdiction when the officer first observed defendant's vehicle traveling toward him on the roadway. The court expressed doubts about "the truthfulness and accuracy of the officer's testimony as it relates to the series and sequence of [the officer's] observations." The court's findings implied that the court believed the off-duty Palos Hills police officer first used the radar gun to measure defendant's speed before observing defendant commit the other offenses. The trial judge stated that when making an extraterritorial arrest, an off-duty police officer may not use powers of his office that are unavailable to a private citizen to obtain evidence. Accordingly, the trial court granted defendant's motion to quash the DUI arrest and suppressed all evidence obtained as a result of the first unlawful stop.

¶ 19    On December 3, 2015, the court held a hearing on the State's motion to reconsider. At the hearing, the trial court emphasized that it believed the evidence obtained from the radar gun was the true reason for the stop, not the improper lane usage described by the off-duty police officer. The trial judge was concerned that the Lockport police officer did not charge defendant with an improper lane usage violation. For these reasons, the trial court judge questioned the off-duty police officer's "conclusion that the stop was predicated on the lane violation" independent from information gathered by the use of the radar gun. Therefore, the judge denied the State's motion to reconsider.

¶ 20                                    ANALYSIS

¶ 21    The State contends the trial court erroneously granted defendant's motion to quash and suppress evidence. The State argues the off-duty Palos Hills police officer properly performed a citizen's arrest after observing defendant commit the offenses of improper lane usage and erratic driving. Therefore, the State submits defendant was lawfully under citizen's arrest for improper lane usage before the Lockport police officer took over the investigation in his jurisdiction.

¶ 22    When reviewing a trial court's ruling on a motion to quash and suppress evidence, the trial judge's factual findings are entitled to deference and will be reversed only if such findings are against the manifest weight of the evidence. *People v. McDonough*, 239 Ill. 2d 260, 266 (2010). On the other hand, the trial judge's ultimate ruling on whether suppression is warranted involves a legal question subject to *de novo* review. *Id.* Thus, for purposes of our analysis, we defer to the trial court's factual findings regarding the sequence of the officer's observations.

¶ 23    The court found the off-duty Palos Hills police officer first used his radar unit before making a decision to follow and eventually stop defendant. The court found the citizen's arrest by the off-duty officer for improper lane usage was invalid because the officer first gathered information concerning defendant's speed by using the powers of his office, a radar gun.

¶ 24    At common law, a police officer cannot lawfully arrest a suspect outside of the jurisdiction that appointed the officer unless acting in "fresh pursuit" of a suspected felon fleeing from that jurisdiction. *People v. Lahr*, 147 Ill. 2d 379, 382 (1992). An exception to the common-law rule arose from section 107-3 of the Code of Criminal Procedure of 1963 (Code), which allows a private person to arrest another person when "he has reasonable grounds to believe that an offense other than an ordinance violation is being committed." 725 ILCS 5/107-3 (West 2014). Under section 107-3, a police officer acting outside of his jurisdiction retains all of the rights of an ordinary citizen to effectuate a citizen's arrest. *Lahr*, 147 Ill. 2d at 382.

- 4 -

¶ 25 However, an extraterritorial arrest by an officer acting in the capacity of a private citizen will not be upheld by a court pursuant to section 107-3 where the officer, acting as a citizen, relies on information gathered by using powers of his office to create reasonable grounds for the arrest. Powers of office have been construed to include the use of a radar gun because this device is generally unavailable to private citizens. *Id.* at 383.

¶ 26 The record reveals defendant voluntarily stopped his vehicle once he arrived at the driveway of a friend's house. The off-duty Palos Hills police officer did not activate his lights to effectuate a traffic stop at any point in this process. Instead, defendant voluntarily parked and exited his vehicle without any directive from the off-duty officer. Defendant was on foot when the off-duty Palos Hills police officer approached defendant and struck up a conversation. Again, we conclude, defendant voluntarily stopped walking in order to speak to the off-duty Palos Hills police officer.

¶ 27 During this conversation, the off-duty Palos Hills police officer asked if defendant had been drinking, asked for defendant's driver's license, and instructed defendant to wait with the officer in the driveway until the Lockport police department could reach that location. Shortly thereafter, the Lockport police officer arrived and spoke to both men.

¶ 28 The off-duty Palos Hills police officer spoke to the Lockport police officer about the erratic driving and improper lane use he witnessed on the night of the incident. This circumstance is included in the Lockport police officer's sworn report concerning defendant's arrest for DUI.

¶ 29 Here, an off-duty police officer, acting outside his jurisdiction, stopped defendant for improper lane usage. Improper lane use is an "offense other than an ordinance violation" for the purposes of creating the authority to effectuate a citizen's arrest under section 107-3 of the Code. See *People v. Kleutgen*, 359 Ill. App. 3d 275, 279 (2005). However, the Lockport police officer conducted his own investigation of the DUI offense after arriving on scene. It was the Lockport police officer that elected to arrest defendant for DUI and speeding but did not issue a citation for improper lane usage.

¶ 30 The case law provides that the Lockport police officer was not required to charge defendant with all minor violations witnessed by the off-duty Palos Hills police officer because after the stop, the Lockport police officer became aware of a more serious violation. See *People v. Goestenkors*, 278 Ill. App. 3d 144, 149 (1996). We conclude that the Lockport police officer's decision not to charge defendant with improper lane usage is not outcome determinative.

¶ 31 In spite of these unusual events, we conclude the trial court's ruling misapplies existing case law. In *People v. Gutt*, 267 Ill. App. 3d 95, 99 (1994), the court upheld an extraterritorial arrest similar to the case at bar. In that case, the off-duty officer first used a radar gun to obtain evidence but later observed the defendant fail to use his turn signal. The same circumstances exist here and support the lawfulness of defendant's arrest for improper lane usage before the Lockport police officer made it to the scene. We hold that an off-duty police officer's use of a radar gun outside of his jurisdiction, before personally witnessing a driver commit other traffic offenses unrelated to excessive speed, will not taint subsequently developed probable cause to conduct an arrest by the officer acting in his civilian capacity.

¶ 32 We reverse and remand for further proceedings.

¶ 33                                         CONCLUSION

¶ 34          The judgment of the circuit court of Will County is reversed and remanded for further proceedings.

¶ 35          Reversed and remanded.